## BRIGHT V. JUHL.

1. Comp. Laws, § 5343, provides that an action is pending from the time of its commencement until determination on appeal, or the time for appeal has passed, unless the judgment is satisfied. Held that, when the time for an appeal has expired, the action is terminated, and the trial court had no jurisdiction to grant a new trial.

2. Where an action has terminated by the expiration of the time for an appeal, the parties cannot, by a stipulation that a motion for a new trial may be heard, confer on the court jurisdiction to grant a new trial.

(Opinion filed February 4. 1903.)

Appeal from Minnehaha county court; Hon. D. R. BAI-LEY, Judge.

Action by H. C. Bright against James C. Juhl. There was a judgment for plaintiff, and plaintiff appeals from an order granting a new trial.   Reversed.

*Joe Kirby,* for appellant.

The trial court had no jurisdiction to grant the defendant a new trial where more than two years had elapsed from the entry of judgment and the time to appeal from such judgment had expired.   Sections 5216, 5326 C. L. Deering v. Johnson, 22 N. W. 174; Richardson v. Rogers, 35 N. W. 270; Fox v. Meachem, 6 Neb., 530; Bonesteel v. Bonesteel, 30 Wis., 151-3; State v. Fleming, 13 Ia., 443; Murray v. Whitmore, 9 S. D., 288; Brooks v. Bigelow, 9 S. D., 179.

*R. W. Parliman,* for respondent.

CORSON, J.   This is an appeal from an order granting a new trial.   The action was brought upon a promissory note, and judgment entered in favor of the plaintiff, and the judgment roll filed on the 17th day of February, 1900.   A motion for a new trial was subsequently made and decided on the 24th day of March, 1902, when the motion was granted, and from the order granting the new trial this appeal was taken.

An exception was taken to the order on the ground that more than two years had elapsed since the entry of judgment before the motion for a new trial was made.   On February 21, 1902, the following stipulation was signed by the attorneys. "In the above entitled action, it is hereby stipulated and agreed by and between the parties plaintiff and defendant that a motion for a new trial in this action, pursuant to the notice

of intention served herein, may be heard and determined by the court at chambers in the city of Sioux Falls, Minnehaha county, South Dakota, on the 24th day of February, A. D. 1902, or as soon thereafter as counsel can be heard, without further notice. Dated this 21st day of February, A. D. 1902." It is contended on the part of the appellant that more than two years having elapsed after the entry of judgment and the filing of the judgment roll before the order granting the new trial was made, and no appeal having been taken from the judgment, the court was without jurisdiction to make the order, and the same is void. This presents the following question, namely: Can a new trial be granted by the trial court after the two years have expired for the taking of an appeal and no appeal has been taken?. Section 5343, Comp. Laws, reads as follows: An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied." As to the construction given to this section, see Mach v. Blanchard, 15 S. D. 432, 90 N. W. 1042. By the language of this section, it is quite clear that when the time for an appeal from the judgment has expired, and no appeal has been taken therefrom, the action is terminated, and thereafter the trial court has no jurisdiction to take any proceedings affecting the said judgment, unless authorized so to do in exceptional cases.

It is insisted on the part of the respondent (1) that it does not affirmatively appear that the costs were taxed prior to the 24th day of February, 1900, and that the judgment was not complete until costs were inserted; (2) that the appellant is estopped by the stipulation signed by his attorney from ques-

tioning the validity of the order granting a new trial. Neither
of these propositions is tenable. It appears from the judg-
ment found in the abstract that the jury returned a verdict on
the 15th day of February 1900, and that on the 17th judgment
was entered 1or the amount of the verdict, including the costs,
taxed at $31.41. It further appears from the notice served upon
the defendant on February 17, 1900, that the judgment had
not only been entered, but that the judgment roll was on file in
the office of the clerk, and the time for appealing had com-
menced to run. Martin v. Smith, 11 S. D. 437, 78 N. W. 1001.
It thus affirmatively appears that the judgment was complete
and the judgment roll was filed on the 17th day of February,
1900. If therefore, on the 24th day of February, 1902, the ac-
tion was not pending, the county court had no jurisdiction to
grant the new trial, and jurisdiction could not be conferred upon
the court to grant the new trial by the stipulation of counsel.
Goldstreet v. Newton, 2 Dak. 39, 3 N. W. 311; Peck v. Phillips,
4 Dak. 430, 34 N. W. 65; Ayers, Weatherwax & Reid Co. v.
Sundback, 5 S. D. 31, 58 N. W. 4; Town of Wayne v. Caldwell,
1 S.D. 483, 47 N. W. 547, 36 Am. St. Rep. 750; Deering v. Johnson,
33 Minn. 97, 22 N. W. 174. In the latter case the supreme
court of Minnesota uses the following language: "The fact
that the defendant accepted and agreed to the proposed case
after the time to appeal from the judgment had expired con-
stitutes no waiver of his right to object to the motion." It
may be urged that such a rule might deprive the party of his
right to a new trial where there had been unavoidable delay in
bringing the same to the attention of the trial court, but this
could easily be avoided by taking an appeal within the proper
time from the judgment, and thereby continue the action in

the court, and preserve the court's jurisdiction over the same. But unless such an appeal is so taken, the trial court is not authorized to disturb the judgment by a new trial. And such seems to be the view of the supreme court of Minnesota in the case of Deering v. Johnson, supra. In that case the court, speaking upon this subject, uses the following language: "The appeal in this case is from an order denying a new trial, made upon the settled case and upon affidavits, on the ground of newly discovered evidence. It must be disposed of on the point made by the defendant that the application for a new trial in the district court, made after the time to appeal from the judgment, and more than one year after the entry thereof, was too late. * * *. The order denying a new trial must, in any event, be affirmed on the ground above stated." Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129; Conklin v. Hinds, 16 Minn. 457 (Gil. 411); Bonesteel v. Bonesteel, 30 Wis. 151; Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270. So far as disclosed by the opinions of that court, they had no statute similar to section 5343, Comp. Laws, before quoted. Under the law of this state, the action having ceased to be pending. the trial court was without jurisdiction to make the order.

A number of other errors are assigned and discussed in the briefs of counsel, but in the view we have taken of the case, it will be unnecessary to consider them on this appeal.

The order of the county court granting a new trial is reversed.