# A. G. GROVE v. PRICE E. MORRIS.

## (151 N. W. 779.)

**Motion for new trial — time of — more than one year after notice of judgment — jurisdiction — trial court — was without — no action pending.**

The trial court granted a new trial upon motion which was served more than a year after the notice of the entry of the judgment had been served upon defendant.

*Held,* that the case was no longer pending, but had merged into a judgment, and the trial court therefore was without jurisdiction to entertain or allow a motion for the new trial.

Opinion filed February 27, 1915.

Appeal from the District Court of Foster County, *Coffey,* J. Reversed.

*J. J. Youngblood* and *B. F. Whipple* (*Palda, Aaker, & Greene* of counsel), for appellant.

The respondent did not take the steps necessary to give the trial court authority or jurisdiction to grant a new trial, and for that reason the trial court should have refused to consider a motion for a new trial. Louder v. Hunter, 27 S. D. 271, 130 N. W. 774 and cases cited; Traxinger v. Minneapolis, St. P. & S. Ste. M. R. Co. 23 S. D. 90, 120 N. W. 770; Nerger v. Commercial Mut. Fire Asso. 21 S. D. 537, 114 N. W. 689.

The statement of the case, when settled, must be signed by the judge, with his certificate showing its allowance, and then filed with the clerk. No statement was filed in this case before the hearing of the motion. Rev. Codes 1905, § 7058, Comp. Laws 1913, § 7655.

*T. F. McCue,* for respondent.

A motion for a new trial, made within the time allowed by law, must necessarily stay operation of the judgment and preserve all rights until it can be heard and determined. Lurvey v. Wells, F. & Co. 4 Cal. 107; Copper Hill Min. Co. v. Spencer, 25 Cal. 17; Walker v. Hale, 16 Ala. 26; Vallentine v. Holland, 40 Ark. 338; McGee v. Ancrum, 33 Fla. 499, 15 So. 231; Central R. & Bkg. Co. v. Farley, 89

Ga. 180, 15 S. E. 34; State ex rel. Druliner v. Clark, 16 Ind. 97; Spalding v. Meier, 40 Mo. 176.

The presumption is that the trial judge had jurisdiction to make the order. The district court is one of general jurisdiction. Danforth v. Egan, 23 S. D. 43, 139 Am. St. Rep. 1030, 119 N. W. 1021, 20 Ann. Cas. 418; Richards v. Matteson, 8 S. D. 77, 65 N. W. 428.

Error must affirmatively appear, whether it be one of jurisdiction, or one of fact, or of procedure. Gould v. Duluth & D. Elev. Co. 3 N. D. 96, 54 N. W. 316; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491.

Burke, J. Plaintiff recovered a judgment for $235.50 in district court after trial by jury, and notice of the entry thereof was served upon attorneys for defendant February 9, 1912. A statement of the case was settled September 26, 1912. Thereafter, defendant claims he served upon the attorneys for plaintiff notice of intention to move for a new trial and notice of motion for a new trial, which latter he alleges was dated September 27, 1912, and was returnable at Carrington on the 14th of October, 1912. Defendant's attorneys, however, have filed an affidavit denying the receipt of such notice of motion. The trial court in a supplemental statement states that such a motion "was brought on . . . on the 14th of October, 1912, and that on account of the nonappearance of counsel for plaintiff I ordered the said motion to be continued until such time as counsel could be heard."

Without deciding who is right relative to this dispute, we pass on to say that no hearing upon the merits of this motion was had, and on the 22d of March, 1913, defendant served a notice of motion for a new trial, returnable at Jamestown on the 7th of April, 1913. About the existence of this motion there is no dispute. When such hearing was reached, plaintiff appeared and entered a special appearance, and objected to the jurisdiction of the court in the premises for the reason that more than one year had passed since the entry of judgment and service of the notice of entry of judgment therein, whereby the defendant had abandoned his right to a new trial, and had abandoned his right to an appeal. Notwithstanding this objection to its jurisdiction, the trial court heard and allowed said motion for a new trial, and this appeal follows. Plaintiff stoutly insists that the defendant's alleged

motion for a new trial under date of September 27, 1912, is an after-thought and in support of this points to an order of the trial judge in the case below and dated the 31st day of May, 1913, requiring the defendant's attorney to return forthwith any records or files in his possession in the above-entitled case, to the clerk of court, including all original notices, motions, and orders, and that in pursuance of said order said attorney filed certain papers including the motion for a new trial, dated March 22, 1913, and no notice of any other date, and that the statement of the case was thereafter made upon the present appeal, containing merely the latter notice of motion for new trial, and such was the state of the record until the amended statement was filed by the trial judge. We do not consider it necessary to decide this controversy, as appellant must prevail in any event. If, as insisted by defendant, a motion was served in September, 1912, it was clearly abandoned by failure of the parties to bring the same on for decision, and by the specific act of the defendant in serving a new notice of motion for new trial. See Kaslow v. Chamberlain, 17 N. D. 449, 117 N. W. 529, from which we quote: "We are of the opinion that the motion in the form in which it was noticed was abortive, and went down when not heard on the day for which it was noticed. . . . We find none [authorities] on a notice in form like the one under consideration, which hold that the motion stands over to a later day in the absence of an order by the court or stipulation of counsel." In the case at bar, if defendant is correct in his contention, the trial court at Carrington on the 14th of October continued said motion until such time as counsel could be heard. No definite date was mentioned. There was no stipulation of counsel. Furthermore, the defendant himself filed a new notice on a later date, covering the identical subject-matter.

(1) This brings us to a consideration of the position of the appellant, who states in his brief that the trial court had no jurisdiction to order a new trial, because more than a year had elapsed after notice of entry of judgment had been served upon the defendant. He calls our attention to § 7966, Comp. Laws 1913, which reads: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied;" and to § 7204, Rev. Codes 1905 (which section, however, has been since repealed and has been

superseded by § 7820, Comp. Laws 1913), which reads: "An appeal from a judgment may be taken within one year after the entry thereof by default, or after written notice of the entry thereof in case the party against whom it is entered has appeared in the action. . . ." It is his position that after the end of the year the matter is no longer pending in the trial court, but becomes a judgment of record, no longer subject to appeal. Having already held that the first notice of motion for a new trial, if it ever existed, had been abandoned, we are not confronted with a situation wherein motion for a new trial is served within the year, and brought on for hearing and submitted within the year, but decided by the court after the expiration thereof, and do not pass upon that question. We have no hesitation, however, in saying that in a case like the present, where the motion is served after the expiration of the year, the trial court has lost jurisdiction entirely. This is the holding in Bright v. Juhl, 16 S. D. 440, 93 N. W. 648, and Deering v. Johnson, 33 Minn. 97, 22 N. W. 174, and the cases therein cited, —the statute construed being in all cases similar to our own. The judgment of the trial court is reversed, and the prior judgment will be in all things reinstated.