# MIKE HIGGINS v. O. J. RUED.

### (153 N. W. 389.)

**New trial — causes for — statute — exclusive.**

1. The causes for which a new trial may be granted are specified in § 7660, Compiled Laws, 1913; and these causes are exclusive.

**Court reporter — transcript of evidence — failure — inability — not ground.**

2. The failure or inability of a court reporter to furnish the defeated party with a transcript of the evidence is no ground for a new trial.

**Action — deemed pending — appeal — time for — jurisdiction.**

3. Compiled Laws, § 7966, provide that an action is deemed pending from the time of its commencement until its final determination upon appeal, or the time for appeal has passed, unless the judgment is satisfied. And following Grove v. Morris, — N. D. —, it is *held* that, when the time for an appeal has expired, the action is terminated, and the trial court has no jurisdiction to hear a motion for a new trial.

Opinion filed May 26, 1915.

From an order of the District Court of Stutsman County denying a motion for new trial, *Coffey,* J., defendant appeals.

Dismissed.

*Knauf & Knauf,* of Jamestown, North Dakota, for defendant and appellant.

*Buck & Jorgenson,* of Jamestown, North Dakota, for plaintiff and respondent.

CHRISTIANSON, J.   This action was tried in the district court of Stutsman county and resulted in a verdict in favor of the plaintiff.   Judgment was entered pursuant to the verdict on June 26th, 1914, and notice of entry of such judgment was served upon the attorneys for the defendant on July 7, 1914.   No appeal was taken therefrom, but on January 29, 1915, the defendant's attorneys served upon the attorneys for the plaintiff a notice of motion for a new trial.   The motion came on for hearing pursuant to such notice on February 10, 1915; and at that time the plaintiff's attorneys filed written objections to the consideration thereof on the ground that more than six months had expired from the entry of judgment and the service of notice of such entry upon the defendant's attorneys; and that the trial court was without jurisdiction to entertain the same.   The trial court made no specific ruling on such objections, but made an order on February 11, 1915, denying the motion for new trial; and the objections are referred to in such order as being among the papers on which it was based.   The defendant perfected an appeal from such order on March 3, 1915.

The plaintiff has moved for a dismissal of the appeal on the ground that the defendant failed to move for a new trial, or take an appeal, until more than six months had elapsed from the date of the entry of judgment and the service of notice of entry thereof, upon the attorneys for the defendant.   No other question has been raised by either party, but both seem agreed that the motion to dismiss property presents the only proposition on which a decision of this court is required.

It is undisputed that the defendant has never appealed from the judgment, and that the motion for a new trial was noticed to be heard more than six months after service of notice of entry of the judgment upon defendant's attorneys.   Appellant's counsel contends that the failure to move for a new trial before this time was due to his inability to

obtain from the court reporter a transcript of the proceedings had at the trial, and that such inability is assigned as one of the grounds for a new trial. He therefore contends that this of itself furnished a sufficient reason for granting defendant's motion for a new trial, as he was prevented from moving within the statutory period. The causes which will justify a district court in granting a new trial are enumerated in § 7660 of the Compiled Laws 1913, and are as follows: ". . . 1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.

"2. Misconduct of the jury. . . .

"3. Accident or surprise, which ordinary prudence could not have guarded against.

"4. Newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.

"5. Excessive damages appearing to have been given under the influence of passion or prejudice.

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"7. Error in law occurring at the trial and excepted to by the party making the application."

The motion for a new trial made by the defendant in this case was based upon the grounds specified in ¶¶ 1, 3, 5, and 6 of the section of the statute quoted above; and the additional ground of the failure and inability of the court reporter to furnish a transcript of the proceedings had at the trial to the attorneys for the defendant, prior to January 7, 1915. While there are holdings to the contrary, the weight of authority sustains the view that the statutory enumeration of the grounds for new trials is exclusive, i. e., that where the grounds for a new trial are specified by statute, such statutory enumeration is exclusive, and a new trial can be granted only for the causes prescribed by the statute. St. Louis, I. M. & S. R. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396.; Canning v. Fried, 48 Mont. 560, 139 Pac. 448; Wabash R. Co. v. Grate, 53 Ind. App. 583, 102 N. E. 155; Townley v. Adams, 118 Cal. 382, 50 Pac. 550. This view is in harmony with the rule of construction provided in the Code of Civil Procedure: *"The rule of the common law*

*that statutes in derogation thereof are to be strictly construed has no application to this Code.   The Code establishes the law of this state respecting the subjects to which it relates. . . ."*   Comp. Laws § 7321. And this view was adopted by this court in the case of McKenzie v. Bismarck Water Co. 6 N. D. 361, 374, 71 N. W. 608, wherein it was expressly held that "a district court is without authority to vacate its own judgments upon the merits, otherwise than in pursuance of statutory authority so to do." The failure of a court stenographer to furnish a transcript of the proceedings does not constitute a ground for a new trial under the statute; and, hence, could not be considered either by the trial court or this court as a cause for new trial. "The failure or inability of a court reporter to furnish the defeated party with a transcript of the evidence is no ground for a new trial." Peterson v. Lundquist, 106 Minn. 339, 119 N. W. 50. To the same effect see also Butts v. Anderson, 19 Okla. 367, 91 Pac. 906.

As no appeal was taken from the judgment, the action (under the provisions of § 7966, Comp. Laws 1913) remained pending in the district court until the time for appeal expired, *viz.,* until and including January 8th, 1915. After the time for appeal had expired, the action was no longer pending in the district court, and hence it necessarily follows that that court had no authority to entertain a motion for a new trial in a cause no longer pending therein.

Appellant's counsel concedes the soundness of the doctrine announced by this court in Grove v. Morris, —N. D.—, 151 N. W. 779, but contends that it does not apply in this case owing to the fact that the failure of the court reporter to furnish the transcript is made one of the grounds of the motion for a new trial. We have already discussed this question, and held that this does not constitute a cause for a new trial under the laws of this state. The various errors sought to be presented by the motion for a new trial could all have been reviewed in this court, without such motion, on appeal from the judgment. Appellant's counsel concedes that the trial court has no authority to extend the time in which an appeal might be taken from the judgment. Can a court do indirectly that which it is denied direct authority to do? The answer seems obvious. Appellant in effect sought to revive the right of appeal from the judgment after the same had ceased to exist. The motion for new trial was noticed for hearing and submitted after the time for appeal

from the judgment had expired; hence, we are not confronted with a situation wherein notice of motion for a new trial is served within the six-months period after the service of notice of entry of judgment, and brought on for hearing and submitted within that period, but decided by the court after the expiration thereof, and do not pass upon that question. "We have no hesitation, however, in saying that in a case like the present, where the notice is served after the expiration of the year (now six months), the trial court has lost jurisdiction." Ibid.

Respondent's motion is granted.