## CHARLES F. GARBUSH And Amy F. Garbush v. JOHN H. FIREY.

(156 N. W. 537.)

Statement of case — certificate trial court — imparts absolute verity — cannot be contradicted — varied or extended — affidavits — Supreme Court — evidence dehors the record.

1. The statement of case as certified by the trial court imports absolute verity, and cannot be contradicted, varied, or extended in the appellate court by affidavits or other evidence *dehors* the record.

Action — pending — when — commencement — termination on appeal — time expired — judgment — satisfaction — action terminated when — jurisdiction.

2. Under § 7966, Comp. Laws 1913, which provides that an action is deemed pending from the time of its commencement until its final determination upon appeal, or the time for appeal has passed, unless the judgment is satisfied, it is *held* that, when the time for appeal has expired the action is terminated, and the trial court has no jurisdiction to hear a motion for a new trial. Grove v. Morris, 31 N. D. 8; Higgins v. Rued, 30 N. D. 551, followed.

Additional Syllabus on Petition for Rehearing and Application to Remand Record for Amendment.

Record — amending — remanding — application for — time of making — rehearing — application for — pending.

3. An application to remand the record for amendment, made after a decision has been filed and while an application for rehearing is pending, will ordinarily be denied.

Opinion filed December 31, 1916. Rehearing denied February 21, 1916.

Appeal from District Court of Bowman County, *Crawford, J.* From

an order denying a motion for judgment notwithstanding the verdict or a new trial, defendant appeals.

Appeal dismissed.

*Porter & Grantham* and *Emil Scow,* for appellant.

(Brief filed, by way of written argument, in opposition to motion to dismiss appeal, but no authorities cited.)

On motion to dismiss appeal.

*Theo. B. Torkelson* and *Curtis & Curtis,* for respondents.

The motion, from the order denying which the appeal is taken, was not made within the statutory period. The order of the trial court, made *ex parte,* extending the time in which to make such motion, was wholly void, because at that time the action was no longer pending. A motion for a new trial cannot be made after the time for appeal from the judgment has expired. Notice of the entry of judgment was duly given. Comp. Laws 1913, § 7820; Grove v. Morris, 31 N. D. 8, 151 N. W. 779.

There was no notice given of the motion or of the hearing thereon; no specifications of error, or of insufficiency of the evidence. There was an entire failure to comply with the statute, and the order was made *ex parte.* Comp. Laws 1913, §§ 7656, 7664.

The appellant should have taken his appeal from the judgment within six months after notice of the entry thereof. Not having done so, his remedy of appeal is lost, and was lost at the time of his motion, and the issuance of the order by the court. Additional time in which to appeal cannot be gained by making a motion for a new trial, and this appeal should be dismissed. Comp. Laws 1913, §§ 7820, 7843.

*Porter & Grantham, Emil Scow, J. A. Heder,* and *Jno. F. Sullivan* for the applications for rehearing and to remand.

*Theo. B. Torkelson* and *Curtis & Curtis,* contra.

CHRISTIANSON, J.: This action was tried to a jury in the district court of Bowman county, and resulted in a verdict in favor of the plaintiffs. Judgment was entered pursuant to the verdict on September 5, 1914, and notice of entry thereof served upon the attorney for the defendant on that day. A statement of case was prepared, and,

pursuant to stipulation, presented to, and settled by, the trial judge on November 10, 1914.

Defendant's counsel obtained various orders for stay of proceedings, the last one being obtained on November 10, 1914. No further proceedings were had until on August 9, 1915, when defendant's attorneys made an *ex parte* application for an order extending the time within which a motion for a new trial might be made, and the court thereupon on August 9, 1915, made an order extending the time in which to present a motion for new trial for a period of sixty days. The order of extension reads in part: "This matter coming on to be heard upon the application of the defendant for an order extending the time within which a motion for new trial may be made, and for an order permitting the service of formal notice of motion for judgment notwithstanding the verdict, if required; . . . it is ordered that time within which to present motion for new trial be extended for and during the period of sixty days, and that the defendant be permitted if so advised to file and serve formal notice of motion for judgment notwithstanding the verdict or for a new trial herein, and that the time be extended for a period of thirty days for the doing of any and all things incident to or requisite for the presenting of motion for new trial. . . ."

Defendant's counsel thereafter (without notice to plaintiffs' counsel), filed a motion in writing for judgment notwithstanding the verdict or for a new trial upon the grounds stated in the motion for a directed verdict, and on August 23, 1915, the district court entered an order denying such motion. This appeal is taken from such order. The order appealed from contains the following recital: "At the trial of the above-entitled action, the defendant, having moved the court at the close of plaintiffs' testimony and again at the close of the defendant's testimony to direct a verdict in favor of the defendant and against the plaintiff, and the court having denied said motion, and having at the time reserved the defendant the privilege of moving the court for judgment notwithstanding the verdict or for a new trial. . . ."

Plaintiff's counsel has moved for a dismissal of the appeal on the ground (among others) that defendant failed to move for a new trial or take an appeal until more than six months had elapsed from the date of the entry of judgment, and the service of notice of entry thereof

upon the attorneys for the defendant. In resisting the motion to dismiss, appellant's counsel has filed two affidavits. One affidavit is to the effect "that on or about the 13th day of July, a. d., 1914, being a day of the July term of the district court . . . said affiant . . . made a motion in open court in the above-entitled matter for judgment notwithstanding the verdict. . . ." Another affidavit states "that at the trial of the action at the close of the plaintiff's testimony and at the close of the case (he) moved the court to direct a verdict in favor of the defendant and against the plaintiff; and the court at the time of denying said motion announced that he would reserve to the defendant the right to present a motion for judgment notwithstanding the verdict or for a new trial, and would review the case upon such motion. . . ."

While not material to a determination of this motion, it may be stated that the settled statement of case does not sustain the averments of the affidavits presented by defendant's counsel on this motion. The settled statement shows that the trial court denied the motion for a directed verdict, unreservedly, and in the following words: "The court will deny the motion." The statement fails to show any motion for judgment notwithstanding the verdict or a new trial. This statement of case was presented to the court by defendant, and pursuant to notice and stipulation, certified by the trial judge to be a correct transcript of the evidence and of all proceedings had upon the trial. (Comp. Laws 1913, § 7655.) Obviously this solemn judicial record cannot be impeached by affidavits in this court. 3 Cyc. 152 et seq.; Heard v. Holbrook, 21 N. D. 348, 131 N. W. 251.

But even though it be conceded that the facts are as contended for by defendant's counsel, we are still of the opinion that the trial court had no authority to entertain a motion for new trial in this case.

Section 7966, Compiled Laws 1913, provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

As no appeal was taken from the judgment, the action, under the provisions of the statute above quoted, remained pending in the district court until the time for appeal expired, viz., six months after notice of entry of judgment was served upon defendant's counsel. See Grove

v. Morris, 31 N. D. 8, 151 N. W. 779; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389.

In Higgins v. Rued, supra, we said: "After the time for appeal had expired, the action was no longer pending in the district court, and hence it necessarily follows that that court had no authority to entertain a motion for a new trial in a cause no longer pending therein. . . . Appellant's counsel concedes that the trial court has no authority to extend the time in which an appeal might be taken from the judgment. Can a court do indirectly that which it is denied direct authority to do? The answer seems obvious. Appellant, in effect, sought to revive the right of appeal from the judgment after the same had ceased to exist. The motion for new trial was noticed for hearing, and submitted after the time for appeal from the judgment had expired; hence we are not confronted with a situation wherein notice of motion for a new trial is served within the six-months period after the service of notice of entry of judgment, and brought on for hearing and submitted within that period, but decided by the court after the expiration thereof, and do not pass upon that question.

"We have no hesitation, however, in saying that in a case like the present, where the motion is served after the expiration of the year [now six months], the trial court has lost jurisdiction." Grove v. Morris, 31 N. D. 8, 151 N. W. 779, 780. This language is equally applicable to the case at bar.

The mere fact that the trial judge intimated, in denying the motion for a directed verdict, that defendant's counsel could obtain a review of this ruling by moving for judgment notwithstanding the verdict or for a new trial, does not take this case from under the rule announced in these two cases. Defendant's counsel concedes that no formal motion for judgment notwithstanding the verdict or for a new trial was made until August 23, 1915, or almost one year after the service of notice of the entry of judgment. The *ex parte* order of extension entered August 5, 1915, and the order denying the motion for judgment notwithstanding the verdict or a new trial entered August 23, 1915, were both entered pursuant to proceedings had in a cause no longer pending in that court. In view of the fact that defendant's chief counsel resides in South Dakota, it may be mentioned that South Dakota has a

statute similar to § 7966, Comp. Laws, and the South Dakota supreme court has construed the same even more strongly against defendant's contentions than this court has been required to do. Bright v. Juhl, 16 S. D. 440, 93 N. W. 648. See also Glaspell v. Northern P. R. Co. 144 U. S. 211, 36 L. ed. 409, 12 Sup. Ct. Rep. 593.

The record in this case shows conclusively that this court is precluded from considering the various assignments of error challenging the correctness of the order appealed from. A decision on the merits of the appeal, therefore, would be merely a restatement of the conclusions stated above. Such decision could not possibly benefit either party to the litigation. Under such circumstances it would be useless to require the parties to go to the expense of presenting the merits of the appeal, and, hence, the appeal will be dismissed. Re Kaeppler, 7 N. D. 307, 75 N. W. 253. See also Re Heldt, 98 Cal. 553, 33 Pac. 549; Saxon v. Hardin, 29 Okla. 17, 118 Pac. 264.

The appeal is dismissed.

CHRISTIANSON, J. A petition for rehearing, which evidences both skill and diligence, has been filed by counsel who had no former connection with the case. And in conjunction with the petition for rehearing an application is made to have the record remanded, to enable the defendant to apply to the trial court for amendment of the record and the statement of case. Some of the proposed amendments would contradict the recitals contained in the former orders of the court, including the order from which the appeal is taken. But even though all of the proposed amendments were granted, this court would still be precluded from considering the merits of the appeal. Hence, it would be an idle and useless ceremony to remand the record for correction.

It is difficult, however, to understand why this request should be made at this time. If the record was incomplete or incorrect, appellant's counsel must have become aware of this fact at least when the notice of motion for a dismissal was served upon them. At the time the motion to dismiss the appeal was noticed to be heard, defendant's chief counsel were granted twenty days additional time in which to present counter affidavits and a brief in opposition to that motion. Such counsel also appear on the brief filed in support of the application to

remand. No excuse is offered or even suggested for the failure to make timely application for a remand of the record. It is an unusual thing to remand a record for correction and amendment after the case has been decided. And "very special and exceptional circumstances must be shown to obtain leave to have omissions and defects in the transcript or return on appeal supplied after a case has once been decided and an application for a rehearing is pending." (3 Cyc. 144.) In disposing of a similar application in Ricks v. Bergsvendsen, 8 N. D. 578, 580, 80 N. W. 768, this court said: "These requests, coming, as they do, after the case has been submitted and decided, and after an opinion has been written and filed, are not seasonably made.' Without holding that this court is devoid of authority to grant such a request, under any possible state of facts, we do, without hesitation, hold that similar requests will ordinarily be denied, and will not be granted in any case, unless it presents features which are peculiar and very exceptional, and such as this case does not present." The above language is equally applicable to the case at bar.

It is suggested in the petition for rehearing that this court in its former decision overlooked the holding of this court in King v. Hanson, 13 N. D. 85, 99 N. W. 1085. It is only proper to say that the former decision in this case, as well as the decisions of this court in Grove v. Morris, 31 N. D. 8, 151 N. W. 779, and Higgins v. Rued, 30 N. D. 551, 153 N. W. 389, were prepared after full consideration of King v. Hanson. And an examination of those decisions will clearly demonstrate the fact that they are in no manner inconsistent with, or contrary to, the principle laid down in King v. Hanson. In King v. Hanson the motion for a new trial was fully submitted before the time to appeal from the judgment had expired. The appellant had done everything which he was required to do, and the delay was caused by the failure of the trial court to decide the motion. That is not the condition in this case, because here the defendant concededly obtained permission to make and file his motion after the time to appeal from the judgment had expired. If the proceedings taken and had by the appellant after the time for appeal from the judgment had expired are eliminated from the record, there is absolutely nothing upon which a review could possibly be had in this court. It should be noted, however, that the

motion to dismiss the appeal in King v. Hanson apparently was not based upon the ground that the trial court was without authority to determine a motion for new trial after the time in which to appeal from the judgment had expired, but the motion seems to have been based on the ground that an appeal could not be taken from such order after the time to appeal from the judgment had expired.

The decision in King v. Hanson was based upon the following principles: "The remedies afforded by an appeal from a judgment and an appeal from an order refusing a new trial are independent remedies," and "The right to appeal from an order denying a motion for new trial may be exercised after the time for appealing from the judgment has expired, provided the appeal is taken within the time limited by statute for appealing from such orders." These principles are doubtless correct, when correctly applied. For instance, under our statute an appeal from a judgment must be taken within six months after service of notice of entry thereof, and an appeal from an order denying a new trial within sixty days after service of written notice of the making of such order. In a case, therefore, wherein a motion for a new trial is made, say five months after the service of notice of entry of judgment, and such motion is denied and notice of the order of denial is served on the last day of the six-month period, under the rule laid down in King v. Hanson, the party aggrieved would be permitted to appeal from such order even though the time for appeal from the judgment had expired, provided the appeal was taken within sixty days after the service of notice of such order. This, however, by no means justifies the conclusion that a motion for a new trial may be noticed for hearing, and heard and determined, over the objection of the adverse party, after the time in which to appeal from the judgment had expired. Whether the court has authority to determine a motion for a new trial, submitted within the six-month period, after the expiration thereof, or has authority to continue a motion noticed to be heard within such period, and hear and determine the same after the expiration of such period; or whether such authority can in any event be conferred by agreement or waiver after the expiration of the six-month period,—are questions which do not arise in this case, and upon which we express no opinion. But we do hold that in a case like the present, wherein the proceedings for a new trial

33 N. D.—11.

are in reality commenced and the motion in effect noticed, heard, and determined, over the seasonable objection of the adverse party, after the expiration of the six-month period, the trial court has no authority to entertain the motion.

There must be some end to litigation. Public policy demands that there be some point of time when a valid judgment, regularly entered, becomes final and unassailable. The legislature recognized this fact, and its intent as declared by § 7966, Compiled Laws 1913, is that a judgment shall become final and conclusive when the time for appeal has expired, and that no proceedings shall thereafter be instituted, over the objections of the adverse party, for a reversal of such judgment.

The petition for a rehearing and the application to remand the record are denied.