ELLA R. COUGHLIN, as Administratrix, Respondent, v. ÆTNA
LIFE INSURANCE COMPANY, Appellant.

(194 N. W. 661.)

**Judgment — new trial — trial court without authority to entertain motion
for judgment notwithstanding or for new trial after time for appeal
expired, unless proceedings commenced within limitations.**

1. Following Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, and prior
decisions, it is *held* that under § 7966, Comp. Laws 1913, an action is termi-
nated when the time for an appeal from the judgment has expired; and the
trial court has no authority thereafter to entertain a motion for judgment
notwithstanding the verdict or for a new trial, over the objection of the adverse
party, unless the final character has been suspended by proceedings commenced
within the time allowed by law for appeal from the judgment.

**Judgment — new trial — final character of judgment not suspended because
of motion for directed verdict.**

2. The final character of the judgment is not suspended under the provisions
of chapter 133, Laws 1921, because a motion for a directed verdict is made
upon the trial of the cause.

**Judgment — new trial — record held to show that motion for judgment
notwithstanding or for new trial not made within time allowed for
appeal from judgment.**

3. In the instant case defendant contends that a motion for judgment not-
withstanding the verdict or for a new trial was made, and, in effect, submitted
within the time allowed for appeal from the judgment. For reasons stated in
the opinion this contention is not sustained.

Opinion filed June 23, 1923.

Judgments, 33 C. J. § 117 p. 1187 n. 77 New; p. 1188 n. 80 New; New Trial, 29
Cyc. p. 928 n. 60.

Appeal from the District Court of Ward County, *Burr, J.*

Defendant appeals from an order denying its motion for judgment
notwithstanding the verdict or for a new trial.

Affirmed.

*Lawrence, Murphy & Nilles,* for appellant.

"If a motion is made within that time and continued by the consent
of the parties or by action of the court until a later date, then the final
character of the judgment is suspended." Gohl v. Bechtold, 37 N. D.
147.

"An application for a new trial on the judge's minutes is a motion. Cohen v. Krulewitch, 81 N. Y. App. Div. 147, 80 N. Y. Supp. 689." 28 Cyc. p. 4.

"A motion is properly an application for a rule or order, made viva voce to a court or judge. It is distinguished from the more formal application for relief by petition or complaint." 41 Cal. 650.

"The motion is not made until it is submitted to or brought within the breast of the trial court and some affirmative action taken thereon either by the court or the adverse party. The successful party cannot by his own act and by the mere service of a notice of hearing of a proposed motion for a new trial at such future time as he may see fit to designate, suspend and keep in abeyance the final and conclusive character of the judgment." Gohl v. Bechtold, 37 N. D. 147.

"The careful practitioner will either prepare and file his motion in writing, stating the grounds thereof, or have the same entered in the minutes. This is not necessary, however. The motion may be made orally. Herrlich v. McDonald, 80 Cal. 472, 22 Pac. 299." 28 Cyc. 4.

"A motion made in open court is equivalent to a written motion in the office. Seidel v. Hurley, 1 Woodw. 352." 35 Am. Dec. 3063.

"The grounds of the motion are often required to be stated in writing and filed. In practice the form of the application itself is often reduced to writing and filed. But making out and filing the application itself is not to make the motion." 41 Cal. 650. Taylor v. Northern Electric Ry. Co. (Cal.) 148 Pac. 545; Williams v. Hawley (Cal.) 77 Pac. 762.

"If a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. Aspen. Min. etc., Co. v. Billings (1893) 150 U. S. 31, 37 L. ed. 986, 14 Sup. Ct. Rep. 196; Voorhees v. John T. Noye Mfg. Co. (1894) 151 U. S. 135, 38 L. ed. 101, 14 Sup. Ct. Rep. 295; Northern P. R. Co. v. Holmes (1894) 155 U. S. 137, 39 L. ed. 99, 15 Sup. Ct. Rep. 28; Kingman v. Western Mfg. Co. (1898) 170 U. S. 675, 42 L. ed. 1192, 18 Sup. Ct. Rep. 786.

"The six months' time does not begin to run until a motion for a new trial, filed in due time, is finally disposed of. Alexander v. U. S.

(C. C. A. 9th Cir.; 1893) 57 Fed. 828; Louisville Trust Co. v. Stockton (C. C. A. 5th Cir.; 1896) 41 U. S. App. 434, 18 C. C. A. 408, 72 Fed. 1." Schumacher v. N. Ry. Co. 23 N. D. 236.

Notice of intention to move for a new trial may be waived. Gibson v. Berryman, 12 Cal. App. 330, 111 Pac. 926.

When both parties by stipulation waived notice of intention to move for a new trial, the court had jurisdiction to order a new trial. Id.

One who appears at the time and place set for a hearing of the motion for a new trial, and orally agrees to the brief of evidence filed with the motion, but who, after the judge has corrected and approved the brief of evidence moves to dismiss the motion for want of service, waives formal service of the motion. Summerford v. Kinard, 8 Ga. App. 253, 68 S. E. 955.

Where attorneys for the respective parties have signed a stipulation waiving notice of the time and place of hearing and passing upon a motion for new trial, the judge is justified in passing on the same without notice to the adverse party. Buckle v. McConaghy, 12 Idaho, 733, 88 Pac. 100.

"Service of notice of intention to move for a new trial may be waived." Curn v. Perkins, 40 Mont. 588, 107 Pac. 901.

"A valid stipulation concerning any matter properly before the court acts as an estoppel upon the parties thereto and is conclusive of all matters necessarily included in the stipulation." 36 Cyc. 1292.

"If a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts therein to his prejudice, the former is estopped, as against the latter to deny that the state of facts does in truth exist." 21 C. J. p. 1060.

" 'Estoppel' by silence arises where a person who by force of circumstances is under a duty to another to speak refrains from doing so and thereby leads the other to believe in the existence of a state of facts in reliance upon which he acts to his prejudice." 21 C. J. p. 1061.

"To deny appellant the means of properly presenting his appeal is in effect to defeat his right of appeal, and a construction so drastic as to produce such result is usually applied only in cases where the appellant is acting in bad faith or is guilty of gross laches."

The general rule laid down in the note to Northwestern Mut. L. Ins. Co. v. Neafus, 36 L.R.A.(N.S.) 1211, where the early cases upon the

question under consideration are gathered, to the effect that mere delay in passing upon an application for insurance cannot be construed in an acceptance by the insurer, is supported by the result reached in Dorman v. Connecticut F. Ins. Co., and is also supported by the only other case which has been disclosed passing upon the point since the writing of the note referred to.

Thus in Shawnee Mut. F. Ins. Co. v. McClure, 39 Okla. 535, 49 L.R.A.(N.S.) 1054, 135 Pac. 1150, where a soliciting agent of limited authority did not mail an application and the premium for fire insurance until four days after he received them, and an investigation of the risk was being made by the insurer when the property was burned two days after the application was forwarded, the court said that it could not be contended that the insurer held the application and premium so long, or otherwise conducted itself in such a way in reference thereto, as to be tantamount to an acceptance, remarking that it was not necessary to cite the many cases holding that mere delay in accepting an application does not raise a presumption of acceptance. Dorman v. Connecticut F. Ins. Co. 51 L.R.A.(N.S.) 873–875.

Nor does the mere retention of both application and the premium, without any action thereon, constitute a contract of insurance. Van Arsdale v. Young, 21 Okla. 151, 95 Pac. 778; Northwestern Mut. L. Ins. Co. v. Neafus, 36 L.R.A.(N.S.) 1211, and note (145 Ky. 563, 140 S. W. 1026); 1 Beach, Ins. 499; 1 May, Ins. § 43H.

An unaccepted application for insurance, accompanied by the premium, although retained without notice of objection for five days after its date, and until the applicant has suffered the loss against which he desired the insurance, is not a contract of insurance.

Acceptance of an application may ordinarily be inferred from the retention and application of the premium; but when there is evidence reasonably tending to show that there was no such acceptance in fact, the law does not imply acceptance from such retention; and the adverse finding and judgment in the trial court are conclusive against appellant's claim of acceptance. Dorman v. Connecticut F. Ins. Co. 51 L.R.A. (N.S.) 874.

On the contrary, all the authorities we have examined hold that when an application for insurance is made, and a receipt given as in this case, for the first premium, mere delay in acting upon an application that,

if acted on, would be rejected, does not fix liability upon the company from its date, when the application is made, subject to approval by the company, and it is expressly provided in the contract that the insurance shall not relate back, unless the application is accepted. There is quite a difference between an offer to enter into a contract that may or may not be accepted, and a contract that has been executed.

Without extending the opinion in quoting from the cases, we refer to the following as fully supporting the principles announced; New York L. Ins. Co. v. Levy, 122 Ky. 457, 5 L.R.A. (N.S.) 739, 92 S. W. 325; Providence Sav. Life Asso. Soc. v. Elliott, 29 Ky. L. Rep. 552, 93 S. W. 659; Hills v. Penn Mut. L. Ins. Co. 28 Ky. L. Rep. 790, 90 S. W. 544; Commonwealth L. Ins. Co. v. Davis, 136 Ky. 339, 124 S. W. 345; Travis v. Nederland L. Ins. Co. 43 C. C. A. 653, 104 Fed. 486; Mutual L. Ins. Co. y. Young, 23 Wall. 85, 23 L. ed. 152; Mohrstadt v. Mutual L. Ins. Co. 52 C. C. A. 675, 115 Fed. 81; Alabama Gold L. Ins. Co. v. Mayes, 61 Ala. 163; Misselhorn v. Mutual Reserve Fund Life Assn. (C. C.) 30 Fed. 545; 1 Cooley, Briefs on Ins. p. 426; Northwestern Mut. L. Ins. Co. v. Neafus, 36 L.R.A. (N.S.) 1211–1217.

Mere delay in passing upon an application for accident insurance cannot be construed into an acceptance by the insurer. 15 A.L.R. 1021.

"In an action against an insurance company for negligently failing to issue an accident policy, evidence as to the short time that elapsed between the making of the application and the time the insured was injured, and of the circumstances, held to justify a direction of verdict for defendant." Glendy v. National Traveler's Ben. Asso. 163 N. W. 352.

(1) "Mere delay in passing upon an application for accident insurance cannot be construed into an acceptance by the insurer.

(2) "No cause of action against an insurance company for delay in issuing the policy accrues to the administrator of the applicant upon the latter's instant death by accident before the policy is issued." Bradley v. Federal L. Ins. Co. 295 Ill. 381, 129 N. E. 171.

"In Wilken v. Capital Fire Ins. Co., 99 Neb. 828, 157 N. W. 1021, the court followed the decision in the Duffy Case, three justices dissenting, and in the later case of Meyer v. Central States L. Ins. Co. 103 Neb. 640, 173 N. W. 578, 19 N. C. C. A. 700, the same court declined to follow the Wilken Case, and held that an action of tort would not lie

for a refusal to make a contract. In National Union F. Ins. Co. v. School Dist. 122 Ark. 179, L.R.A.1916D, 238, 182 S. W. 547, the supreme court held a cause of action for negligence could not be predicated upon mere delay in passing upon an application for insurance." 1 C. J. pp. 184, 185; Letson v. Brown (Colo.) 52 Pac. 290; 1 C. J. § 325.

Causes of action not accruing in party's lifetime. Neither at common law nor under the statutes providing for survival of causes of action can a cause of action be held to survive in favor of or against the personal representatives of a deceased person, unless it accrued in favor of or against the decedent in his lifetime. Letson v. Brown, 11 Colo. App. 11, 52 Pac. 287; Hollenback v. Berkshire R. Co. 9 Cush. (Mass.) 108; Dayton M. E. Church v. Rench, 7 Ohio St. 369; Central National Bank v. Hume, 128 U. S. 195, 43 L. ed. 370, 9 Sup. Ct. Rep. 41.

"The beneficiary is the only party who can sue for the breach of a contract of insurance made for him. Harrison v. McConkey, 1 Md. Ch. 34; Fire Ins. Asso. v. Merchants & M. Transp. Co. 66 Md. 339, 59 Am. Rep. 162, 7 Atl. 905; Mutual L. Ins. Co. v. Stibbe, 46 Md. 311; North American L. Ins. Co. v. Wilson, 111 Mass. 542; Maryland Mut. Benev. Soc. I. O. R. M. v. Clendinen, 44 Md. 429, 22 Am. Rep. 52; Ruppert v. Union Mut. Ins. Co. 7 Robt. 155; Hogle v. Guardian L. Ins. Co. 6 Robt. 567; Brantley, Contr. p. 64; Barbour, Parties, p. 27; Owings v. Owings, 1 Harr. & G. 489; Small v. Schaefer, 24 Md. 143; O'Neal v. School Comrs. 27 Md. 239; Siegman v. Hoffacker, 57 Md. 325; 1 Poe, Pl. & Pr. § 312; 1 Saunders, Pl. & Ev. 5th ed. p. 168; Hendrick v. Lindsay, 93 U. S. 140, 23 L. ed. 857; Eakle v. Smith, 27 Md. 480; Ripley v. Astor Ins. Co. 17 How. Pr. 444; Coates v. Pennsylvania F. Ins. Co. 58 Md. 172." Ferguson v. Phoenix L. Ins. Co. 35 L.R.A.(N.S.) 845; Modern Woodmen v. Headle, L.R.A.1915A, 580; Stemler v. Stemler (S. D.) 141 N. W. 780, 781; Ferguson v. Phoenix Mut. L. Ins. Co. 35 L.R.A.(N.S.) 848; Neary v. Metropolitan L. Ins. Co. L.R.A.1918F, 312.

*Fisk, Murphy & Nash,* for respondent.

"In this court respondents have urged the same objections which they made in the court below, viz.: That the trial court was without authority to entertain the motion for a new trial. Questions similar or analogous to the one now under consideration, have been considered by this court in the following cases: Grove v. Morris, 31 N. D. 8, 151 N. W. 779;

Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Garbush v. Firey, 33 N. D. 154, 156 N. W. 537; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725. The rule announced in those cases is to the effect that, when the time for appeal for judgment has expired, the trial court has no authority thereafter to entertain a motion for a new trial under the objection of the adverse party, unless the final character of the judgment has been suspended by proceedings commenced prior to the time for appeal has expired. In applying this rule this court held in Skaar v. Eppeland, supra, that where a motion for a new trial is duly noticed to be heard at a date prior to the expiration of the time for appeal from a judgment, but continued by consent of the parties and finally submitted and determined after the time for appeal from judgment has expired, the final character of the judgment is suspended by such proceedings, and the court has jurisdiction to determine a motion for a new trial, even though the time for appeal from judgment has expired. But in Gohl v. Bechtold, supra, this court held that the final character of the judgment is not suspended, so as to authorize the court to entertain the motion, by the mere fact that notice of motion was served prior to the time in which an appeal from the judgment has expired.

"We have again reviewed these decisions and the statutory provisions involved, and are satisfied that the rulings are correct, and that the interpretations placed upon the statutes give effect to the intention of the lawmakers. The question in this case, therefore, is whether the final character of the judgment might be, and was suspended by the ex parte order entered by the court on August 12, 1918, extending the time in which to move for a new trial until October 1, 1918. If it was suspended then the court has authority to entertain the motion; if it was not it had no such power. We are of the opinion that the trial court had no such power. We are of the opinion that the trial court had no power to extend the time in which to move for a new trial beyond the date when the action ceased to be pending under the express terms of § 7966, Comp. Laws, 1913." Bovey-Shute Lbr. Co. v. Donahue, 43 N. D. 247.

"This is an appeal from an order of the district court of Ward county granting defendants' motion for a new trial. The action was tried to a jury, which returned a verdict in plaintiff's favor. On December 11,

1915, judgment was entered pursuant to the verdict, and notice of entry of the judgment was duly served upon the defendants' attorneys on that same day. From time to time orders were made extending the time within which to settle the statement of case and moved for a new trial. The last order of extension which was made on April 18, 1916, extended the time in which to settle the statement and move for a new trial to the 18th day of May, 1916. No further or additional extension of time was either applied for or granted. On June 9, 1916, the defendants served a notice of motion for a new trial, notice to be heard on July 1, 1916. When such motion came on to be heard, plaintiff appeared specially and filed written objections to the hearing thereof on the ground that more than six months had elapsed since the notice of entry of judgment had been served, and that as no appeal from the judgment had been taken the action was no longer pending. . . .

"In the case at bar the motion for a new trial was not noticed to be heard within the six-month period. *The mere service of notice of motion within that time does not suspend the final character of the judgment.* . . .

"The statutes furnish ample opportunity for persons aggrieved with a decision to obtain a review thereof. And in our opinion, a party aggrieved must move for a new trial before the time in which an appeal may be taken from the judgment has expired. After that time no proceedings can be instituted for a reversal of the judgment over the objections of the adverse party. If a motion is made within that time and continued by the consent of the parties or by an action of the court until a later date, then the final character of the judgment is suspended. The motion is not made until it is submitted to or brought within the breast of the trial court and some affirmative action taken thereon either by the court or the adverse party. *This unsuccessful party cannot, by his own act and by the mere service of a notice of hearing of a proposed motion for a new trial at such future time as he may see fit to designate, suspend and keep in abeyance the final and conclusive character of the judgment.*" Gohl v. Bechtold, 37 N. D. 141.

CHRISTIANSON, J. This is an action upon a life insurance policy. There was a trial to a jury, and a verdict in favor of the plaintiff. Judgment was entered pursuant to the verdict on February 3, 1922, and no-

tice of entry thereof served, February 4th, 1922. No appeal was taken from the judgment. On September 5th, 1922, defendant moved for judgment notwithstanding the verdict or for a new trial. Upon the hearing of the motion, plaintiff appeared specially and filed written objections to the consideration thereof on the ground that more than six months had elapsed since the service of notice of entry of judgment; that as no appeal had been taken from the judgment the action was no longer pending, and the judgment final and no longer subject to review upon such motion. The trial court made an order denying defendant's motion, and defendant has appealed.

Questions analogous to the one presented here have been considered by this court in several cases. See Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Garbush v. Firey, 33 N. D. 154, 156 N. W. 537; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725; Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 175 N. W. 205.

In Grove v. Morris, supra; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389, and Garbush v. Firey, 33 N. D. 154, 156 N. W. 537, this court held that when notice of motion for a new trial is served more than six months after the date of service of notice of entry of judgment, i. e., after the time for appeal from the judgment has expired, the district court is without authority to entertain such motion over the objection of the adverse party.

In Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707, we held that where a motion for a new trial is duly noticed to be heard at a date prior to the expiration of time for appeal from the judgment, but continued by consent of the parties, and finally submitted and determined after the time for appeal from the judgment has expired, the final character of the judgment is suspended by the pending proceedings, and the court has jurisdiction to determine the motion for a new trial even though the time for appeal from the judgment has expired.

In Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725, we held that the mere service within the six-month period of notice of a motion for a new trial noticed to be heard after the expiration of such period does not suspend the final character of the judgment so as to authorize the court to entertain such motion.

In Bovey-Shute Lumber Co. v. Donahue, supra, we held that the

final character of the judgment is not suspended by an ex parte application for an extension of time in which to move for a new trial, and an ex parte order entered thereon.

The soundness of the principles announced and the conclusions reached in these several cases is not questioned. Appellant, in effect, concedes that if no motion at all was made within the six-month period, the judgment became final and the court inhibited from entertaining a motion for a new trial or a motion in the alternative for judgment notwithstanding the verdict or for a new trial. Appellant, however, contends that here the motion was made within the six-month period and that the final character of the judgment was suspended by such pending motion. In other words, appellant contends that a situation exists which brings the case within the rule announced in Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707. This contention is predicated upon two propositions:

(1) That under chapter 133, Laws 1921, a motion for a directed verdict is in effect held in abeyance until after the return of the verdict, and ipso facto suspends the final character of the judgment (within the rule in Skaar v. Eppeland, supra) until disposed of by ruling of the court, after the return of the verdict.

(2) That in this case there was a specific arrangement between the parties at the time the motion for a directed verdict was made that a motion for judgment notwithstanding the verdict would be made upon each and all of the grounds stated in the motion for a directed verdict; and that after the return of the verdict and the entry of the judgment the parties understood that the motion for a directed verdict should be treated as a motion for judgment notwithstanding the verdict, and that it was so treated by them.

These propositions will be considered in the order stated.

(1) Chapter 133, Laws 1921, reads as follows:

"When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request, but *upon a subsequent motion,* by such moving party *after verdict rendered in such action,* that judgment be entered notwithstanding the verdict,

or if the jury have failed to agree upon a verdict, for a directed verdict, the court shall grant the same if, upon the evidence as it stood at the time such motion to direct a verdict was made, the moving party was entitled to such directed verdict. An order for judgment notwithstanding the verdict may also be made on a motion in the alternative form asking therefor, or if the same be denied, for a new trial. If the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be entered, when it appears from the testimony that a verdict should have been so directed; and it may also so order on appeal from the whole order denying such motion when made in the alternative form whether a new trial was granted or denied by such order." (Italics ours.)

In our opinion the statute does not have the effect contended for by the appellant. On the contrary the language of the statute seems to negative the construction for which he contends. It will be noted that the statute specifically requires that a "subsequent motion," i. e., a motion after return of the verdict, be made. It is only when such motion is made that the statute says, "the court shall grant the same if, upon the evidence as it stood at the time the motion to direct a verdict was made, the moving party was entitled to such directed verdict." The mere fact that a motion for a directed verdict is made in no manner suspends the final character of the judgment. If no proceedings are had after the return of the verdict looking toward having the correctness of the verdict reviewed, the judgment entered pursuant to the verdict has the same finality as it has in cases where a motion for a directed verdict is not made.

(2) Upon the second proposition affidavits of counsel for the respective parties and certain correspondence which passed between them was submitted to the trial court. It was contended on the part of the defendant that it was understood between the parties that the motion for a directed verdict should be deemed for all purposes an alternative motion for judgment notwithstanding the verdict or for a new trial. It was contended on the other hand by counsel for the plaintiff that there was no such understanding; that the only understanding between counsel was to the effect that when appellant desired to make his motion, plaintiff's counsel would be willing to accommodate him by agreeing upon some convenient date for the submission of the motion, and that

this all pre-supposed that such motion would in fact be made and submitted in the manner and within the time prescribed by law.

The trial court in a memorandum opinion said:

"The correspondence which passed between counsel subsequent thereto (to the trial) and which is made a part of the affidavit of Aubrey Lawrence has been examined by the court and the view we take thereof is that the defendant was concerned chiefly with finding a suitable date to argue a motion for judgment notwithstanding the verdict and that the counsel for the plaintiff was willing to agree to take up the matter at any suitable time within the time granted for appeal. After the expiration of the six months plaintiff's counsel considered the matter closed. Of course we do not speak authoritatively for either side. No motion was made in writing, nor any notice in writing served bringing the matter on for hearing within the six months."

We are inclined to agree with the conclusion which the trial court reached in consideration of the correspondence. As we construe the record, there was no motion made in this case until after the time for appeal from the judgment had passed and the case presented falls squarely within the rule announced by this court in Gohl v. Bechtold, supra, and Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 175 N. W. 205, and the authorities cited therein.

It follows that the trial court's ruling in denying the motion for judgment notwithstanding the verdict or for a new trial was correct.

The order appealed from is affirmed.

BRONSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.