STATE OF NORTH DAKOTA, Respondent, v. WILLIAM KRUE-
GER, Appellant.

(223 N. W. 583.)

Opinion filed February 19, 1929.

*H. L. Halvorson* and *J. E. Nelson,* for appellant.

*R. L. Fraser,* State's Attorney (*E. R. Sinkler,* of counsel), for re-
spondent.

NUESSLE, J. The defendant was convicted of the crime of rape on
July 14, 1927. Thereafter and on February 14, 1928, he moved the
court for a new trial on the ground of newly discovered evidence. This
motion was denied on February 21, 1928, the court holding that it
had no jurisdiction to hear and grant said motion for the reason that
the period within which an appeal from the judgment might be taken
had expired prior to the time when said motion for new trial was made.
From the order entered accordingly the defendant perfected the instant
appeal.

Section 109, Constitution of North Dakota, provides: "Writs of

error and appeal may be allowed from the decisions of the district courts to the supreme court under such regulations as may be prescribed by law."

Pursuant to this constitutional provision the legislature enacted, among others, the following statutes which are pertinent in this case:

Section 10,989, Comp. Laws 1913: "Either the defendant or the state may take an appeal as provided in this article."

Section 10,990, Comp. Laws 1913: "An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him."

Chapter 217, Sess. Laws 1927, amending § 10,994, Comp. Laws 1913, as amended by chapter 125, Sess. Laws 1925: "An appeal from a judgment may be taken within three months after its rendition and from an order within sixty days after it is made. . . ."

Section 10,917, Comp. Laws 1913: "When a verdict has been rendered against the defendant the court in which the trial was had may upon his application grant a new trial in the following cases only (setting forth seven grounds for new trial)."

Section 10,920, Comp. Laws 1913: "The application for a new trial, except in case of a sentence of death, must be made before the time for an appeal has elapsed. In case of a sentence of death, the application may be made at any time before the execution."

In the instant case the judgment of conviction was rendered on July 14, 1927. The period within which an appeal might be taken expired three months from that date under chapter 217, supra. The motion for a new trial was made on February 14, 1928, four months after the expiration of the time within which an appeal might have been taken. The defendant contends that notwithstanding the limitation of three months imposed by chapter 217, upon the time within which he might appeal from the judgment, he had the right to move for a new trial on the ground of newly discovered evidence at any time within one year after July 14, 1927, the date of the rendition of the judgment against him. His theory in this behalf is that when § 10,920, supra, was enacted as § 8274 Revised Codes of 1895, § 10,994, supra, providing that an appeal from a criminal judgment might be taken within one year after its rendition was already in existence as § 7504 Compiled Laws, Dakota Territory, 1887, and incorporated thence into

the statutes of the state; that § 10,920 was thus originally enacted in the light of the provisions of § 10,994. And so he argues the legislature must have contemplated that a motion for new trial on the ground of newly discovered evidence might be made within one year from the date of rendition of judgment; that by the amendments embodied in chapters 215, Sess. Laws 1925 and 217, Sess. Laws 1927, the legislature did not intend to, and in fact did not, affect § 10,920, and, as a consequence, the motion for a new trial on any of the grounds mentioned in § 10,917 may be made at any time within one year after the rendition of judgment.

It seems to us that there is no basis for the defendant's contention. The legislature was acting within its powers under § 109 of the Constitution when it enacted chapter 217, supra, amending the time within which criminal appeals might be taken. See Stimson v. Stimson, 30 N. D. 78, 152 N. W. 132; McClain v. Williams, 10 S. D. 332, 43 L.R.A. 287, 73 N. W. 72. On the expiration of the time for appeal the action was terminated and the trial court had no jurisdiction to hear a motion for new trial. See State v. Hagen, 54 N. D. 136, 208 N. W. 947; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Garbush v. Firey, 33 N. D. 154, 156 N. W. 537; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725; Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 175 N. W. 205; Coughlin v. Ætna L. Ins. Co. 49 N. D. 948, 194 N. W. 661; Bright v. Juhl, 16 S. D. 440, 93 N. W. 648. It must be presumed that the legislature in enacting these several statutes knew the statutes already in existence and the state of the law generally respecting the subjects with which they were dealing. Sutherland, Stat. Constr. § 287. It is reasonable then to hold that the legislature when it enacted § 10,920 contemplated that § 10,994 might be amended by any succeeding legislature, and in view of the possibility of such an amendment did not deem it expedient to fix independently a stated time within which motions for new trial might be made. So § 10,920 provided that such motions, except in case of sentence of death, must be made before the time for appeal should elapse; that is, before the judgment should become final. That is, the legislature contemplated that this period might be enlarged or diminished, as in fact it was diminished by the enactment of chapters 125 and 217, supra, and made § 10,920 flexible

so that it should always be consistent with the provisions of the amended statute.

The order from which the appeal was taken must be affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.