WILLIAM M. WILSON *et al.*, Plaintiff in Error, *v.* JACOB
GEISLER, Defendant in Error.

ERROR TO RICHLAND.

Where a bill for a foreclosure shows that the mortgage was given for the entire
    purchase money, no part of which, or of the interest, had been paid; and that the
    value of the premises does not exceed the amount due, and they are but a slen-
    der, and the only security, for the debt, the mortgagors having absconded, a
    strict foreclosure is not improper.

THIS was a bill filed by Geisler, March 7th, 1857, to foreclose
a mortgage, and decree rendered at May Term, 1857, by default.

The bill sets forth, that on the 7th of February, 1856, Geisler
sold and conveyed to Wilson & Lewis, a lot in Olney, upon
which was situated a large and valuable store house, for the
consideration of $1,750, for which they executed to Geisler two
notes, one for $800, the other for $950, the first due August
1st, 1856, the second due February 21st, 1857, and also a mort-
gage on said premises to secure the payment of said notes, etc.

The bill also states that the "said mortgage and notes are
herewith to the court shown, exhibit A, and prayed to be made
part of the bill, and submitted to the examination of the court;"
that the said Wilson & Lewis did not pay said notes when due,
and that they had run off, after deceiving the said Geisler by
false pretences of their ability to pay for the said house and lot.

It prays that Wilson & Lewis be made parties defendant, and
required to answer, and in default of answer, that the same be
taken for confessed; that a decree for the amount of debt, in-
terest and costs, be entered, and if not paid by an early day,
the "condition in the said mortgage deed be declared forfeited,
and the same be declared and made absolute, and all the title,
right, interest and equity of the said Wilson & Lewis be for-
ever barred and forfeited, and your orator's title thereto be
made complete, absolute, and unencumbered;" and that in case
such specific foreclosure should be deemed unwise, then it is
prayed the said house and lot be sold; also a prayer for special
commissioner, and such further relief as may be just.

There was an affidavit of the non-residence of Wilson &
Lewis, and publication of notice, and in default of appearance
of said Wilson & Lewis, decree is rendered *pro confesso*.

The only other paper on file, or appearing in the cause, and
the only written evidence offered, or before the court, was the
two notes described in the bill.

The decree contains the following:

The defendants (Wilson & Lewis) being called, and not ap-

Wilson et al. *v.* Geisler.

pearing, it was "decreed that the matters and things in complainant's amended bill, said amendment being, by leave of the court, taken for confessed, against them. And the cause coming on to be heard on bill, exhibits and proofs, and the court finding, upon inspection of said bill, and exhibits, and the proofs adduced, that said complainants did sell a certain house and lot of ground in Olney, taking their writing obligatory for the purchase money, as alleged in said bill; that the whole of said purchase money, principal and interest, is due on said mortgage security; that said security is inadequate, being a frame building, and greatly exposed to fire; that defendants have left the county under suspicious circumstances, and not likely to return: wherefore, it is ordered by the court that an account be taken by the clerk to ascertain how much money is due, etc.; and the clerk having taken and reported the amount to be $1,883.25, therefore it is finally ordered, and adjudged, and decreed, that the defendants do, within sixty days from the date hereof, pay to the said complainant the said sum of $1,883.25, being the amount, principal and interest, due him on the security aforesaid, as reported by the clerk, together with costs of this suit; and in default of their so doing, that said defendants, and all persons claiming by, through or under them, be forever barred from equity of redemption in and to said premises, and that the title thereto revert to the said complainant in fee forever."

It was also further ordered, that the said defendants (plaintiffs in error) "re-deliver to said plaintiff all papers and evidences of title, and that the sheriff of said county, on failure of said payment within said presented term, put the plaintiff (Geisler) in possession of said premises."

A. KITCHELL, for Plaintiffs in Error.

C. H. CONSTABLE and R. S. NELSON, for Defendants in Error.

CATON, C. J. This was a bill for the strict foreclosure of a mortgage, and shows that the mortgage was given for the entire purchase money of the mortgaged premises which the complainants had sold to the defendants, no part of which, nor the interest, had been paid. The bill also shows, that the value of the premises does not exceed the amount due on the mortgage, or, in the language of the bill, "is but a slender security for the debt." It also shows, that the defendants had absconded, and that the only security which the complainant had was the mortgage, and prays for a strict foreclosure. The bill was taken for confessed, proofs were heard, and a decree entered in

accordance with the prayer of the bill. It is now objected that the decree was for a strict foreclosure.

The case is precisely within the principle of *Johnson* v. *Donnel et al.*, 15 Ill. R. 97. It shows that the value of the premises did not exceed the amount of the mortgage debt, and hence the defendants had no cause to complain, for they realized the full value of their property. They cannot deny this, for they admitted it by their default. The prayer was for a strict foreclosure, to which they made no objection, at the proper time, before the Circuit Court. There is another circumstance which may be mentioned, and shows how little ground of complaint the defendants really have. They purchased the premises in question on one year's credit for the whole purchase money, no part of which they have ever paid, and have enjoyed the rents and profits thereof ever since February, 1856, nearly two years, without its costing them anything. And now the complainant, after the loss of the use of the premises for that length of time, receives them back, at least reduced in actual value by the ordinary wear and tear, and the operation of time. In this state of case the defendants have no cause to complain that they have been hardly dealt with.

The decree must be affirmed.

*Decree affirmed.*