### BRONSON PECK'S APPEAL FROM PROBATE.

A decree of foreclosure, before the title of the mortgagee has become absolute by the expiration of the time limited for redemption, is not a satisfaction of the mortgage debt, either in whole or in part.

APPEAL from a decree of the court of probate for the district of New London, ordering a dividend of eight and one-eighth cents on a dollar on the general claims allowed against the estate of Thomas M. Lyon, deceased. The estate was insolvent and was so represented. The appeal was taken by the executor, and the reason assigned for the appeal was that a claim of the Savings Bank of New London, which had been allowed in full by the commissioners on the estate, was included among the claims on which the dividend was ordered to be paid, while the savings bank, since the report of the commissioners and before the decree, had obtained a decree of foreclosure on a mortgage by which the debt was secured. The report of the commissioners was made on the 16th of November, 1861. The decree of foreclosure was obtained at the term of the superior court holden in New London county, in January, 1862, and the time limited for redemption was by the decree to expire on the 2d day of November, 1862, which time had not yet arrived.

The case was reserved on the above facts for the advice of this court.

*Lippett* and *Willey*, for the appellant, contended that the

foreclosure operated as a satisfaction of the mortgage debt, either in whole, or to the extent of the value of the mortgaged property, and that the probate court should have treated it as thus paid in whole or in part; that the statute (Rev. Stat., tit. 12, §§ 26, 27,) which allows a mortgage creditor to recover the balance of his claim above the value of the property mortgaged, does not change the principle governing such cases, but makes the creditor chargeable with the actual value of the property foreclosed, while as the law was before the enactment of that statute the foreclosure was a satisfaction and extinguishment of the whole debt; citing 2 Swift's System, 440; *Coit* v. *Smith*, Kirby, 254, 256; *McEwen* v. *Welles*, 1 Root, 202; *Swift* v. *Edson*, 5 Conn., 531.

*Crump*, for appellees.

HINMAN, C. J. The executor appealed from the decree of probate, ordering him to pay a dividend on all the general claims allowed by the commissioners against the estate of Thomas M. Lyon deceased, on the ground that before the making of the decree, and after the allowance of the claim of the savings bank against the estate, the same was satisfied either in whole or in part. It appears that the only satisfaction which the savings bank is claimed to have received, is, that it has procured a decree of foreclosure of a certain mortgage given by the deceased and others, to secure the claim allowed by the commissioners against the estate of the deceased, which foreclosure is to take effect and become absolute, if the claim is not paid on or before the 2d of November, 1862, about six months subsequent to the order or decree of probate appealed from. The statement of the ground on which this appeal rests, would seem to be all that is necessary to show that it should be dismissed. The decree of foreclosure, before it has become absolute by the expiration of the time limited for redemption, is no more a satisfaction of the debt, or of any part of it, than is a new or additional security given for it. If, as was suggested, there is any hardship in the creditor's receiving his dividend, and then taking the land under the decree, it is

one that the executor may relieve himself of by paying the debt, and if the property is worth redeeming it is to be presumed he will do it. Or he may procure an order and sell the interest of the deceased in the equity of redemption ; in which case it would undoubtedly bring on the sale just the amount of the dividend paid more than it otherwise would, because the mortgage debt would to that extent be reduced.

We advise the superior court to affirm the decree of probate.

In this opinion the other judges concurred.