EUGENE E. ELLIS *et al.*

*v.*

ANGUS LEEK.

*Filed at Mt. Vernon January 26, 1889.*

MORTGAGE—*strict foreclosure—what interest passes by the decree.* A decree of strict foreclosure of a mortgage, after finding the sum due on the mortgage, and that the value of the mortgaged premises was much less than that sum, ordered and decreed that the defendants pay the sum so found due, with six per cent interest thereon, within ninety days, and that in default of such payment within the time fixed, the defendants be forever barred and foreclosed of all right and equity of redemption in and to the mortgaged premises, and every part thereof, and that on such default, all the right, title and interest, both legal and

equitable, of the defendants in and to said premises, and every part thereof, should become vested, absolutely and forever, unconditionally, in the complainant: *Held,* that the decree was a final one, and vested the title and estate of the mortgagor in the complainant, without any further order or decree of the court after the time allowed for payment has elapsed.

APPEAL from the Circuit Court of Alexander county; the Hon. R. W. McCARTNEY, Judge, presiding.

Mr. WALTER WARDER, and Mr. WILLIAM N. BUTLER, for the appellants:

In an action of ejectment, the plaintiff must recover on the strength of his own title, and must show a legal title to the premises he recovers. *Mester* v. *Hauser,* 94 Ill. 433; *Stumpf* v. *Osterhage,* id. 115.

The appellee can not recover in this case, on account of the insufficiency of his own title.

Strict foreclosures are not favored, but are discouraged by the laws of this State, and everything should be construed strictly against them. *Weiner* v. *Heintz,* 17 Ill. 259; *Miller* v. *Davis,* 5 Bradw. 474; 2 Jones on Mortgages, sec. 1542.

If the defendants failed to pay the money within the time limited, the complainant's right to the property became absolute, though in order to complete the title there must be a final order finding such default, and confirming the title. *Mulvey* v. *Gibbons,* 87 Ill. 380; *Mester* v. *Hauser,* 94 id. 439; 2 Daniell's Ch. Pr. (4th Am. ed.) 996.

This court should have admitted the affidavit made for a tax deed, and erred in refusing it and the tax deed.

Mr. JOHN M. LANSDEN, for the appellee:

To the bill for a strict foreclosure the Ellis' filed this answer: "These defendants, answering, say, that the matters and things in said bill contained are true, as the same are therein stated, and these defendants hereby consent that a decree of strict foreclosure may be entered in this cause, as prayed for in said

bill." This was enough to justify the final decree at once, as was given. It amounts to an agreement that complainant should take the property for the debt. 2 Jones on Mortgages, sec. 1567.

The mortgagee after condition broken, and his grantee, may maintain ejectment on the mortgage. (*Oldham* v. *Pfleger,* 84 Ill. 102; *Barrett* v. *Hinckley,* 124 id. 32.) But the decree passed the title to complainant. *Walker* v. *Schum,* 42 Ill. 462; *Miller* v. *McMannis,* 104 id. 422.

The affidavit of the service of notice of the tax sale is fatally defective.


Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a suit in ejectment, by appellee, against appellants, (Eugene E. Ellis being the real party in interest,) to recover possession of lots 30 and 31, in block 53, in the city of Cairo. Both parties claim title through Henry B. and Thomas B. Ellis,—appellee through a mortgage and decree of strict foreclosure, and appellant through a tax deed.

By an amended bill in chancery, filed at the September term, 1886, of the Alexander circuit court, one Holmes B. Kelly prayed a decree of strict foreclosure against said lots, on a mortgage theretofore executed by the said Henry B. and Thomas B. Ellis and their wives, who were made defendants. They filed a joint answer to that bill, admitting its allegations, and consenting that a decree of strict foreclosure should be entered, as therein prayed. The court, by its decree of the same term, found the amount due on the mortgage debt to be $1465, that the mortgaged premises were in bad repair, falling into decay, and did not exceed in value the sum of $600. The decree then concludes with the following order:

"It is therefore ordered, adjudged and decreed by the court, that the defendants, Thomas B. Ellis and Henry B. Ellis, pay to the complainant, Holmes B. Kelly, the said sum of $1465,

with six per cent interest thereon from the date hereof, within ninety days from the date of this decree; and in default of the payment of said sum within the said period of ninety days, they, the said defendants, be forever barred and foreclosed of all right and equity of redemption in and to the said premises and every part thereof; and that in default of such payment within the period of ninety days, all the right, title and interest, both legal and equitable, of said defendants in and to said premises, and every part thereof, shall be and become vested, absolutely and forever, unconditionally, in the said complainant, Holmes B. Kelly. It is further ordered, that upon the defendants paying the complainant the said sum of $1465 within the time above mentioned, the complainant reconvey the said premises to the said defendants, Thomas B. Ellis and Henry B. Ellis, by a suitable instrument of conveyance. It is further ordered, adjudged and decreed by the court, that the defendants, Thomas B. Ellis and Henry B. Ellis, pay the costs of this suit, and that execution may issue therefor."

On the 18th day of January, 1887, the said Holmes B. Kelly and wife conveyed to appellee.

Among other proceedings, in pursuance of which the tax deed under which appellant Ellis claims title, was executed, he offered in proof the affidavit required by section 217 of the Revenue act, upon which the deed was issued; but the court below held it insufficient, and, on objection by appellee, excluded both it and the tax deed. The finding and judgment of the circuit court were for appellee, for the premises in suit, and the record is brought here by appeal.

The judgment of the trial court is assailed, first, because, it is said, the evidence fails to show a legal title in appellee; and, secondly, on the ground that the affidavit and tax deed offered in evidence by appellant were improperly excluded on the trial. The last point is not insisted upon. No argument whatever is offered in support of it. We have, however, ex-

amined the affidavit as it is set out in the abstract, and are of opinion that the circuit court ruled correctly upon it.

The first point is earnestly insisted upon. It turns upon what shall be decided to be the correct practice, in this State, in strict foreclosure proceedings. It is contended that the decree, through which appellee claims, does not vest the title to the mortgaged premises in the complainant, but to do so must be followed by a final order, based on proof, that the money was not paid according to the terms of the decree. Without such an order, it is said, the title is incomplete. The English practice is so stated in Daniell's Chancery Practice, vol. 2, p. 996, (quoted by Justice SHELDON in *Mulvey* v. *Gibbons et al.* 87 Ill. 380,) and in Smith's Chancery Practice, vol. 1, p. 540. The question has never been directly decided in this State. It was presented and discussed in the *Mulvey case, supra,* but its determination not being thought necessary in that case, it was passed without decision. We think, however, that an examination of the reported cases, in which records in such proceedings have come before this and the Appellate Courts for review, will show the practice in the various circuit courts of the State to have been to treat the decree of foreclosure as the final order in the case, and that such practice has, with more or less directness, met the approval of this court.

In *Johnson* v. *Donnell et al.* 15 Ill. 100, it was objected that the decree did not specify in whom the title to the land should be vested; but the decree was affirmed, and it was said: "By barring the equity of redemption, it confirms the title in the mortgagee. The title conveyed by the mortgage, which was before conditional, now becomes absolute."

In *Wilson et al.* v. *Geisler,* 19 Ill. 49, the decree provided that in default of payment the equity of redemption should be barred, and "that the title revert to the complainant in fee, forever," and authorized the sheriff of the county to put complainant in possession of the mortgaged premises. It was also affirmed, no question as to its finality being raised.

In *Stephens* v. *Bichnell,* 27 Ill. 444, the decree barred all equity of redemption in default of payment within four months, and BREESE, J., in the opinion of the court, says: "It is alleged in the bill, and confessed, that the lands mortgaged are not equal in value to the purchase money due. It was then in the discretion of the court to decree a strict foreclosure, the effect of which is to vest the title absolutely in the mortgagee."

In *Chickering* v. *Failes,* 26 Ill. 507, as shown by the opinion in *Mulvey* v. *Gibbons et al. supra,* the decree was similar to the one then before the court,—a decree *nisi,* not materially different from the one presented by this record. In the *Chickering case,* the decree was held color of title, and from what is there said it is clear that the decree was held and treated as the final order in the case. While it is true that the point here urged was not presented in it or any of the foregoing cases cited, yet these cases do clearly show the practice in the courts of this State to differ from that in England. In some of them, at least, the decrees were so questioned as to strongly suggest the point, and call for a condemnation of the practice, if not approved.

The decree in a foreclosure proceeding in England, as shown by both of the above named authors on chancery practice, is essentially different from the one appearing in this record and those usually rendered under our practice. There, the decree orders a reference to the master to take an account and tax costs, "and directs that if the same are paid by the mortgagor *at such time and place as the master shall fix,* the mortgagee is to reconvey the premises, but orders, in default of payment *at such time and place,* that the mortgagor be absolutely foreclosed from all equity of redemption in the mortgaged premises." (1 Smith's Ch. Pr. p. 532.) "On the day appointed, either the mortgagee, or one duly authorized by him under a power of attorney, attends at the place appointed, to receive the money, and remains there till the expiration of the time appointed. If the mortgage money is not paid, upon an affidavit of being

5—127 ILL.

duly attended, and of the non-payment of the money, the plaintiff is entitled to an order, on a motion, as of course, that the defendant do from henceforth stand absolutely debarred and foreclosed of and from all right, title, suit, and equity of redemption, of, in or to the said mortgaged premises." (Id. 540.) There, the decree of foreclosure does not purport to be the final order in the case. The amount due, the costs, the time within which and the place at which the payment is to be made, are all left to be ascertained and fixed by the master; and that some further order must follow such a decree, to complete the foreclosure, is manifest.

The decree before us is a final decree, and expressly provides, that in default of payment "all the right, title and interest, both legal and equitable, of said defendants in and to said premises, and every part thereof, shall be and become vested, absolutely and forever, unconditionally, in the said complainant." Although courts of chancery, in this State, are governed by the same practice as courts of chancery in England, or by rules and regulations consistent with such practice, we are unable to see wherein the practice here adopted is so inconsistent with that in England, as laid down by authors on chancery practice, as that it should be condemned. Under the one practice the title is vested in the complainant by an order in the decree; under the other, by a final order made subsequently. When the practice is once established and understood, the rights of the defendant are as well protected by one mode of procedure as the other. That the decree in question is in conformity with the practice in this State, as understood by courts and the profession, we have no doubt; and to unsettle that practice now, would be productive of no good, but might be attended with evil results.

In this view of the case, it is unnecessary to inquire whether or not appellee could maintain this action on the title vested in Holmes B. Kelly by virtue of the mortgage from Thomas B. and Henry B. Ellis to Wheeler. The decree of strict fore-

closure vested the title in Kelly absolutely, and his deed to appellee clothed him with a legal title, which, in the absence of all proof of right or title in appellant, entitled him to possession, and the judgment of the circuit court was therefore right. *Judgment affirmed.*