BENJAMIN B. CION *vs.* HENRY SCHUPACK ET AL., AD-
MINISTRATORS, ET AL.

First Judicial District, Hartford, May Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Subject to the provision of § 5196 of the General Statutes, the holder of a mortgage note may pursue an action to foreclose the mortgage and one upon the note either contemporaneously or successively until his debt is satisfied.

In an action against an indorser of a mortgage note, it is no defense that the plaintiff, in a prior suit to foreclose the mortgage, included in his claims for relief a prayer for a deficiency judgment against the indorser, which was denied, not upon any grounds conclusive of the merits of the claim, but solely for the reason that appraisers were not appointed to determine the value of the premises within ten days from the expiration of the time limited for redemption, as required by § 5197 of the General Statutes.

Cion *v.* Schupack.

A prayer for a deficiency judgment against an indorser of a mortgage note must be supported by allegations as to notice of nonpayment or its waiver.

Under our theory of the law of mortgages, neither the decree of strict foreclosure, which merely limits outstanding rights of redemption, nor the certificate of foreclosure, which merely confirms the title already existing in the mortgagee, constitutes an extinguishment of the mortgage debt, which remains in full force until there is an actual appropriation of the property to its satisfaction. Therefore, the plaintiff in the present case was not debarred from maintaining an action against an indorser of a mortgage note because he had, in a prior suit, obtained a decree and filed a certificate of foreclosure without securing possession of the mortgaged premises.

The fact that counsel miscall or misname a remedy, otherwise properly pursued, will not defeat a recovery.

In an action to recover a claim against an estate which has been fully distributed, the representatives of the estate and such of the distributees as may be liable to make restitution, should be joined as codefendants.

Such an action, though single in form, involves two successive, independent steps—first, the establishment of the claim against the representatives as such, and second, the ascertainment of the liability of the several distributees, which involves a pro rata contribution upon the basis of the kind and amount of property which each has received.

The distinction between these steps should be preserved in the judgment, which is erroneous if it provides, as in the present case, for a general recovery against all the defendants.

Argued May 7th—decided June 30th, 1925.

ACTION against the administrators and distributees of the estate of a deceased indorser of a promissory note to recover the amount alleged to be due thereon, brought to the Superior Court in Hartford County and tried to the court, *Jennings, J.;* judgment for plaintiff for $5,260, from which defendants appealed. *Error; judgment to be entered for plaintiff in accordance with opinion.*

*Louis H. Katz,* for the appellants (defendants).

*Saul Berman* and *Allan K. Smith,* for the appellee (plaintiff).

MALTBIE, J.  One Mushlin gave Morris Schupack a note and, to secure it, a third mortgage upon certain premises in Hartford.  On the same day Schupack indorsed the note and assigned the mortgage to the plaintiff.  Schupack died, and, the note coming due, plaintiff's attorney in his behalf filed with the administrators of the estate a claim for the amount due upon it.  Thereafter the plaintiff began foreclosure proceedings, making the administrators parties defendant, and asking, in addition to the usual prayers for relief in such an action, a deficiency judgment against them.  Judgment of foreclosure was finally directed.  Then followed a series of motions to open the judgment and extend the time set in it for redemption, orders and in one instance a stipulation of the parties to that effect, and finally another judgment fixing the law-day for the parties entitled to redeem.  The plaintiff made a motion for the appointment of appraisers in order to lay a basis for a deficiency judgment, but they were not appointed, and so, of course, could not file their appraisal, within ten days from the expiration of the time limited for redemption, as required by the statute. General Statutes, § 5197.  Thereafter further attempts were made by the plaintiff to have the judgment reopened, to enable him to take the necessary steps to secure such a judgment, but the court refused to grant that relief upon the ground that its power to do so had been lost by the expiration of the term at which the final judgment of foreclosure was entered and the subsequent expiration of the time limited for redemption and of the additional ten-day period without proper steps being taken for securing the deficiency judgment.  The plaintiff filed a certificate of foreclosure based upon his judgment, but he has never been in possession of the premises, because a receiver appointed in a suit to foreclose a second mortgage upon

the premises has been in charge of them. That suit, as well as one to foreclose the first mortgage on the premises, was pending when the action now before us was brought. The plaintiff is here seeking a judgment against the administrators of the Schupack estate for the amount due upon the note and, the estate having been distributed, Schupack's heirs and distributees have also been made parties defendant that any judgment recovered may be enforced against them.

The administrators claim that the plaintiff is debarred from prosecuting his present action by reason of his attempts to secure a deficiency judgment against them in the foreclosure proceeding. Our decision in *German* v. *Gallo,* 100 Conn. 708, 124 Atl. 837, goes far to dispose of this claim. We there held that the holder of a mortgage note may make the indorsers upon it defendants in a foreclosure proceeding in order to pave the way for an ultimate judgment against them; pursue the foreclosure even to the point of securing a deficiency judgment against the maker of the note; and may then, the debt not having been satisfied, recover the balance in a separate action against the indorsers. That case differs from the one now before us in that there, as was particularly pointed out, the indorsers were made parties to the foreclosure proceeding in order to prevent the judgment therein from operating as a bar to a further action against them upon the note, whereas here there was a specific prayer for a deficiency judgment against the representatives of the Schupack estate, and an attempt to take the statutory steps to such a judgment which, as the maker of the note was not made a party defendant, could only have been directed against them. That attempt failed, primarily because the plaintiff did not have an appraisal made within the time fixed by the statute; though, truth to tell, it must have

failed in any event because there were no allegations in the complaint which would have served to support a judgment based upon the indorsement of the note, as notice of nonpayment or its waiver. *Hurlburt* v. *Bradley,* 94 Conn. 495, 497, 102 Atl. 171. No judgment was in fact ever entered in the foreclosure proceedings upon any issue between the plaintiff and the representatives of the Schupack estate, but, had it been, no bar to the present action would have arisen, because it would merely have determined that a necessary statutory condition to a recovery by the plaintiff in that action had not been fulfilled within the proper period, an issue entirely extraneous to the present action. *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 284, 58 Atl. 963.

The plaintiff, subject to the provisions of General Statutes, § 5196, had a right to pursue an action to foreclose the mortgage and one upon the note either contemporaneously or successively until his debt was satisfied; *Staples* v. *Hendrick,* 89 Conn. 100, 93 Atl. 5; *Peck's Appeal,* 31 Conn. 215, 216; *Findlay* v. *Hosmer,* 2 Conn. 350, 353; and so the only thing which could stand in the way of his right to recover here would be the satisfaction of the debt as a result of the judgment in the foreclosure proceeding. Upon the decree of foreclosure becoming absolute the plaintiff caused a certificate of foreclosure to be filed, and while the finding is silent as to its terms, we may fairly assume that it was in the statutory form, setting up the recovery of the judgment and concluding with the statement that the time limited for redemption had passed and title had become absolute in the plaintiff. General Statutes, § 5198. At first thought this might seem to constitute an appropriation of the property to the payment of the debt. Under our theory of the law of mortgages, the legal title is vested in the mortgagee,

though it be but for the purpose of enforcing his debt, and the decree of foreclosure, aside from such provision as may be made in it to put the mortgagee into possession of the property, merely cuts off the outstanding right to redeem. *Chamberlain* v. *Thompson,* 10 Conn. 243, 251; *Norwich* v. *Hubbard,* 22 Conn. 587, 594; *Savage* v. *Dooley,* 28 Conn. 411, 413; *Ensign* v. *Batterson,* 68 Conn. 298, 305, 36 Atl. 51; *Ellis* v. *Leek,* 127 Ill. 60, 20 N. E. 218. The decree obtained by the plaintiff gave him a right of entry, but actual possession could be secured only by a provision in the nature of an execution of ejectment inserted in the decree, or by supplementary proceedings. General Statutes, § 5204; *Middletown Savings Bank* v. *Bacharach,* 46 Conn. 513, 526. The statement in the certificate of foreclosure that title had become absolute in the plaintiff added nothing to the legal effect of the foreclosure decree. It is the appropriation of the mortgaged property to the payment of the debt, not the confirmation of absolute title in the mortgagee by legal process, which is regarded as satisfying it. *Derby Bank* v. *Landon,* 3 Conn. 62; *Loomis* v. *Knox,* 60 Conn. 343, 351, 22 Atl. 771; *Brooks* v. *Benham,* 70 Conn. 92, 98, 38 Atl. 908, 39 id. 1112. Never having taken any steps to appropriate the property, the plaintiff's right to pursue the present action is unimpaired by anything he did in connection with the foreclosure proceeding. See *Staples* v. *Hendrick,* 89 Conn. 100, 93 Atl. 5.

The administrators insist that the present action is, and is recognized by the plaintiff's attorneys as, but an attempt to recover a deficiency judgment, and so must fail, because the statutory steps to such a judgment have not been taken and because the claim presented against the Schupack estate, which sought payment of the amount due upon the note, will not support a recovery for such an amount as might be found

due upon a deficiency judgment. The plaintiff, as already pointed out, is not here seeking a deficiency judgment as that term is used in the statute, but is pursuing a remedy upon the note, concurrent with that given him by the statute in the foreclosure proceeding, and his judgment is based directly upon Schupack's indorsement of that note, as was the claim filed with the administrators. If the plaintiff has a right to recover, that counsel miscalled it would be of no consequence.

. Where an action is brought upon a claim against an estate after it has been fully distributed, our decisions abundantly sustain the practice of joining in it as codefendants with the representatives of the estate the heirs and distributees among whom the property has been divided, that the claim may be established against the estate and restitution, to the amount necessary to satisfy it, may be enforced against the latter. *State ex rel. McClure* v. *Northrop,* 93 Conn. 558, 106 Atl. 504; *Bidwell* v. *Beckwith,* 86 Conn. 462, 85 Atl. 682; *Mathewson* v. *Wakelee,* 83 Conn. 75, 75 Atl. 93. Here it is found that the estate was distributed before the action was brought and that the "heirs" received more than sufficient to meet the amount of the claim in suit. The trial judge was right in directing judgment for the plaintiff, as he did in his memorandum of decision. However, the judgment-file thereafter prepared and signed by the clerk, as he thought, no doubt, in compliance with this direction, merely adjudges that "the plaintiff recover of the defendants" the amount due upon the note. This hardly meets the needs of the case, and while the appellant raises no question as to the defect and probably it is here of no practical consequence, we cannot overlook it.

In *Mathewson* v. *Wakelee,* 83 Conn. 75, 80, 75 Atl. 93, the court carefully pointed out that such an action

as this, though single in form, involved two successive, independent steps and that their consolidation in one suit "does not justify short cuts to the end sought, which dispense with the taking of the required steps in the legal and proper way." As regards the representatives of the estate, the joinder of the two proceedings in one does have this effect, that judgment should not run for the recovery of damages against them, but should adjudge that the plaintiff has a valid and subsisting claim against them as such representatives to the amount the plaintiff is entitled to recover. As regards the heirs and distributees, it is to be remembered that, in such a proceeding, no one of them can be liable in a greater sum than the amount of the property which he has received from the estate, that the property of an estate is not necessarily all equally liable to be applied to discharge debts, and that the principle upon which heirs and distributees are called upon to make restitution requires a pro rata contribution upon the basis of the property received by them and answerable for the debt. *Griswold* v. *Bigelow,* 6 Conn. 258, 267; *Davis* v. *Vansands,* 45 Conn. 600, 604; *Bidwell* v. *Beckwith,* 86 Conn. 462, 472, 85 Atl. 682; Cleaveland, Hewitt & Clark, Probate Law and Practice of Connecticut, § 460; 3 Woerner, Administration (3d Ed.) § 576. The same principle of avoiding unnecessary litigation which justifies the joinder of the two steps to be taken in one action also requires that, in ordinary cases at least, all who may be liable to contribute to the payment of the debt should be made parties defendant, that the amount of the liability of each should be determined and that judgment enter for the plaintiff to recover of each the amount of that liability. *Lewis* v. *Overby's Admr.,* 72 Va. (31 Gratt.) 601, 619; *Bermingham* v. *Forsythe,* 26 S. C. 358, 365, 2 S. E. 286; *Cutright* v. *Stanford,*

81 Ill. 240, 244. The judgment should not run to recover damages from the administrator. It must therefore be set aside and judgment be rendered for the plaintiff, to recover from the several distributees such sum as it may appear upon hearing that each is obligated to contribute.

There is error in part and the judgment is set aside and the cause remanded for a hearing as to the judgment to be entered against the several distributees in accordance with this opinion.

In this opinion the other judges concurred.