## BROWN, Respondent, v. CHRISTENSEN, Appellant.

### (210 N. W. 668.)

(File No. 5985. Opinion filed November 15, 1926.)

1. **Appeal and Error—Judgment—Judgment Providing That It was to Become Final on Defendant's Noncompliance With Land Contract Held "Final Judgment," as Fixing Time for Appeal (Rev. Code 1919, §§ 2914, 3147).**

   Judgment, in action for strict foreclosure of land contract, fixing time for defendant's compliance with terms, providing that, on failure to comply, it was to become final without further order of court, as required by Rev. Code 1919, § 2914, held a "final judgment," as fixing time for appeal, under section 3147; subsequent judgment not being required.

2. **Appeal and Error—Where Proceedings After Judgment Failed to Show Extension of Time for Hearing Motion for New Trial, When Time for Appeal Expired, Appeal From Order Denying New Trial Could Not Be maintained (Rev. Code 1919, § 3147).**

   Where proceedings after judgment failed to disclose extension of time for hearing motion for new trial after year limited for appeal by Rev. Code 1919, § 3147, had expired and record not even disclosing that motion for new trial had been made, appeal from order denying a new trial could not be maintained.

3. **Action.**

   Action is terminated when time for appeal has expired.

4. **New Trial.**

   Trial court has no jurisdiction to hear motion for new trial after time for appeal has expired, in view of Rev. Code 1919, § 2101.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 344, 3 C. J. Sec. 1044, Mortgages, 27 Cyc. 1648; (2) Appeal and error, Key-No. 345(1), 4 C. J. Sec. 2390 (Anno); (3) Action, Key-No. 71, 1 C. J. Sec. 447 (Anno); (4) New trial, Key-No. 117(1), 29 Cyc. 928.

Appeal from Circuit Court, Faulk County; Hon. J. H. Bottum, Judge.

Action brought under Rev. Code 1919, §§ 2914-2917, for strict foreclosure of contract for sale of real estate, by George P. Brown against Harry Christensen. From a judgment for plaintiff, and from an order denying his motion for new trial, defendant appeals. Appeal dismissed.

*W. J. Jacobs,* of Faulkton, and *W. A. Johns* and *Dick Haney,* both of Huron, for Appellant.

*F. E. Snider,* of Faulkton, for Respondent.

SHERWOOD, J. This action is brought under sections 2914 to 2917, R. C. 1919, for the strict foreclosure of a contract for the sale of real estate. Findings and judgment were in favor of the plaintiff, and defendant appeals.

At the outset respondent challenges appellant's right to maintain this appeal on two grounds: (a) That the appeal was not taken within one year after the judgment was signed, attested, and filed, as provided by section 3147, R. C. 1919. (b) That the judgment appealed from is not the final judgment in this action, and in fact is not any judgment authorized by law. The record discloses that the trial of this cause was begun on the 2d day of January, 1924, and continued from time to time, until the 18th day of February, 1924, when the hearing of testimony ended. On the 28th day of February, 1924, findings of fact and conclusions of law were made by the court. Based on these findings a judgment, dated February 28, 1923, was given.

It is evident that the date 1923 is an error, and this judgment was in fact signed and attested on February 28, 1924, and filed in the office of the clerk of the circuit court of Faulk county on February 29, 1924. For convenience this will hereafter be referred to as the first judgment. Another paper, entitled "Judgment," was signed, attested, and filed in this case on June 16, 1924. This will hereafter be referred to as the second judgment.

On June 1, 1925, defendant served and filed the following notice of appeal:

"Please take notice that the defendant in the above-entitled action hereby appeals to the Supreme Court of the state of South Dakota from th judgment rendered in said action by the above-named court on June 16, 1924, and from the whole thereof, and from the order of said court refusing defendant's application for a new trial in said action, made and entered May 9, 1925, and from the whole thereof. Dated this 1st day of June, 1925."

In appellant's brief he refers to the first judgment as "interlocutory judgment" and to the second judgment as "final judgment"; but the record discloses that each of the judgments was

simply entitled at the top with the word "Judgment." It is evident from the record that the second judgment was entered on the theory that, as the time provided by the former judgment in which the defendant was to pay had expired, it was necessary that another judgment should be entered to complete the record, because the second paper entitled "Judgment" recites, among other things:

"Upon the application of the plaintiff for final judgment herein, and it having been satisfactorily shown to the court that the said defendant has wholly failed to comply with any of the provisions of the judgment of this court entered herein on the 28th day of February, 1924, that the time provided by said judgment within which to comply therewith on the part of defendant has fully expired, it is therefore ordered, adjudged, and decreed that any and all right, title, interest, estate, lien, or incumbrance upon said real estate described herein be and the same hereby is forever terminated."

Section 3147, R. C. 1919, provides:

"An appeal to the Supreme Court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing; every other appeal allowed must be taken within one year after the judgment shall be signed, attested and filed."

If the judgment, signed, attested, and filed in this case on June 16, 1924, was necessary, and was the final judgment in this case, then the appeal taken on June 1, 1925, was timely and should be sustained. The first question presented is: Which of the two judgments filed in this case was the final judgment? And the second question is, if the second judgment was not the final judgment, what effect did its filing have?

It is provided by section 2914, R. C. 1919, as follows:

"Whenever default has occurred in the performance of any of the terms and conditions of an executory contract for the sale or exchange of real property, an action may be brought in the circuit court of the county in which such property is situated for a foreclosure of all rights under such contract asserted adversely to the plaintiff in such action, and upon the trial thereof the court shall have power to and by its decree shall fix the time within which the party or parties in default must comply with the terms of such

contract on his or their part, which time shall be not less than ten days from the rendition of such decree, and unless the parties against whom such decree is rendered shall fully comply therewith within the time specified, such decree shall be and become final, without further order of the court, and all rights asserted under the contract sued on shall thereupon be forever barred and foreclosed."

[1] It is clear that the judgment signed, attested, and filed with the clerk of courts of Faulk county on the 29th day of February, 1924, in all respects complied with the provisions of this section of the statute. It fixed the time and place within which appellant must comply with the terms of the contract as on or before the 18th day of May, 1924. It further provided that, unless appellant should fully comply therewith within the time specified, such decree should become final "without further order of the court, and all further rights asserted under the contract sued on shall thereupon be forever barred and foreclosed." It is said in 27 Cyc. 1647, 1648:

"In England it is the settled practice to make a decree nisi in the first instance, and the final decree of foreclosure is made only after the time allowed for payment and on the filing of proof of nonpayment. But in America the decree is made final in the first instance, so that no further order of the court will be necessary to carry it into effect." Eugene Ellis v. Angus Leck, 127 Ill. 60, 20 N. E. 218, 3 L. R A. 259.

It is clear, therefore, that the first judgment was the final judgment in this case.

We therefore hold that the judgment signed and attested on February 28, and filed on February 29, 1924, was the final judgment in this case, and that the instrument, denominated "Judgment," signed, attested, and filed on June 16, 1924, was not required by statute, and was not a final judgment in this case. No appeal was taken from the first judgment, and more than one year had elapsed after the first judgment was signed, attested, and filed before this appeal was taken. Therefore in no event could this appeal affect that judgment.

[2] The only remaining question is: Can the appeal from the order denying a new trial, made on May 9, 1925, and appealed from on June 1, 1925, be maintained? Upon this point the record

discloses that a notice of intention to move for a new trial was served on March 14, 1924, and filed on March 15, 1924; that a second notice of intention to move for a new trial was served on June 26, 1924, and filed on June 26, 1924.

No specifications of error specifications of particulars wherein the evidence was claimed to be insufficient to justify the decision were made or filed until the 30th day of January, 1925; and the record does not disclose that any motion for new trial was ever made. But on the 9th day of May, 1925, an order was made, attested, and filed which sets forth:

"The motion of the defendant, Harry Christensen, for a new trial in the above-entitled action coming on for hearing before the court at chambers thereof, * * * plaintiff appearing by his attorney, F. E. Suider, and the defendant appearing by his attorneys, W. A. Johns, Dick Haney, and W. J. Jacobs, and the court having heard the arguments of counsel and being fully advised in the premises, it is hereby ordered that said motion be and the same is hereby denied."

Clearly nothing in these proceedings extended the time for hearing a motion for new trial after the year limited for an appeal had expired. No motion for a new trial was pending and continued, or pending and undetermined, when the time for appeal expired. Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Reid v. Ehr, 36 N. D. 552, 162 N. W. 903.

[3, 4] An action is terminated when the time for appeal has expired, and the trial court has no jurisdiction to hear a motion for new trial thereafter. Section 2101, R. C. 1919; Garbush v. Firey, 33 N. D. 154, 156 N. W. 537; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725; Higgens v. Rued, 30 N. D. 551, 153 N. W. 389; Doughtry v. Hyde (S. D.) 208 N. W. 581; Security State Bank v. Rodway, 50 S. D. 122, 208 N.W. 778. Even though the appearance of the plaintiff recited in the order refusing new trial be considered as a waiver of notice of new trial, or a stipulation to hear the motion, which we do not decide, the court was without jurisdiction to hear the motion or make an order thereon after the time for appeal had expired. Bright v. Juhl, 16 S. D. 440, 93 N. W. 648.

It follows that the appeal, both from the judgment and from the order denying a new trial, must be dismissed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.