Martin W. HOFFMAN, Trustee

v.

Charles CHEEK, Trustee U/W of H. Smith Richardson.

In re Henry L. MELTZER.

Civ. No. H–88–249 (PCD).

Bankruptcy No. 2–84–00341.

United States District Court, D. Connecticut.

Aug. 29, 1988.

Martin W. Hoffman, Hartford, Conn., pro se.

Ira H. Goldman, Leah Cohen Chatinover, Shipman & Goodwin, Hartford, Conn., for defendant.

RULING ON BANKRUPTCY APPEAL

DORSEY, District Judge.

Plaintiff/appellant seeks review of the decision of the Bankruptcy Court, Krechevsky, J., granting defendant's motion for summary judgment. The matter is properly within the court's jurisdiction, 28 U.S.C. § 158(a), as the Bankruptcy Court's ruling was a final judgment. *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); 1 Collier on Bankruptcy, ¶ 3.03, 3–172–173 (15th ed. 1987). Review here is de novo. *See In re Woodson Co.*, 813 F.2d 266, 270 (9th Cir.1987); *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986).

*Facts*

This matter arises out of the bankruptcy of Henry L. Meltzer, for whom, in a Chapter 7 proceeding, plaintiff is Trustee. In 1981, Meltzer owed money to Charles W. Cheek and to secure the debt granted a mortgage interest in 659.8 acres of unimproved land in Norfolk and Winchester,

Connecticut. Meltzer defaulted on the note in September 1982 and a foreclosure action was commenced by defendant in Connecticut's Superior Court in May 1983. A judgment of strict foreclosure was entered in August 1983, but reopened on May 4, 1984, when Morgan Guaranty Trust Co. ("Morgan") was added as a party, claiming an interest in the property by reason of an attachment in the amount of $145,000. Law days of May 7 and 8, 1984, were then set for Meltzer and Morgan, respectively. No request for a foreclosure by sale was made.

On May 7, 1984, Meltzer filed a petition under Chapter 11. On September 19, 1984, the Bankruptcy Court denied defendant's motion for relief from the stay imposed by 11 U.S.C. § 362. Meltzer and defendant later stipulated to defendant's being relieved of the stay and, on March 27, 1985, the Bankruptcy Court granted defendant relief from the stay. On April 22, 1985, a new Judgment of Strict Foreclosure was entered in Superior Court with law days of May 14 and 15, 1985, for Meltzer and Morgan, respectively, and the debt was found to be $401,760.01. Neither Meltzer nor Morgan redeemed and on May 16, 1985, title to the property vested in defendant. Appellant claims the property then had a value of $689,965, a value defendant has neither contested nor agreed to in the record here presented.

On January 8, 1986, Meltzer converted his bankruptcy matter from Chapter 11 to Chapter 7. Plaintiff was appointed Trustee. On June 15, 1987, plaintiff commenced this case as an adversary claim against defendant, seeking to void the transfer of the land to defendant, as Meltzer, then or thereby rendered insolvent, received less than the property's equivalent value. 11 U.S.C. § 548(a)(2). Plaintiff's purpose was to recover the value of Meltzer's equity interest for the benefit of his creditors. 11

U.S.C. § 550(a). The complaint in Count One claimed avoidance of the transfer as fraudulent and in Count Two also under 11 U.S.C. § 548 on the same theory but based on some additional facts.

Defendant moved, in the Bankruptcy Court, for summary judgment, which was granted in reliance on 11 U.S.C. §§ 348(a) and 548, 84 B.R. 312. Judge Krechevsky found, and appellant here contests, that conversion of a case in bankruptcy from Chapter 11 to Chapter 7 does not, for the purposes of § 548(a), start the one year period [1] running, but rather, as provided by § 348(a),[2] the one year runs from the original filing of the Chapter 11 petition in Bankruptcy Court.

*Claims on Appeal*

A.

Appellant first asserts that questions of fact preclude entry of summary judgment. Those questions concern:

(1) The property interest transferred.

(2) The value received by Meltzer.

(3) The effect of the transfer on Meltzer's financial status.

It must be remembered that summary judgment is barred only by the existence of a genuine issue as to "any material fact." Rule 56(c), Fed.R.Civ.P., made applicable through Bankruptcy Rule 7056. None of the disputes identified by appellant present issues of material fact. The first purported dispute of fact arises from defendant's denial "that the judgment of strict foreclosure ... transferred the Debtor's equity interest in the property to the Defendant." Appellant's Brief at 10. What appellant is really claiming is that Meltzer's interest was transferred at the judgment and thus not at the law day. This is a question of law, i.e., what is the effect under the laws of a judgment of strict foreclosure as opposed to the passage of the law day(s)

---

1. Section 548(a)(2)(A) provides, a "trustee may avoid any transfer of an interest of the debtor in property ... that was made ... *on or within one year before the date of the filing of the petition,* if the debtor ... received less than a reasonably equivalent value in exchange for such transfer." (Emphasis added).

2. Section 348(a) provides that conversion of a matter from one chapter to another of the Bankruptcy Code, subject to irrelevant exceptions, "does not effect a change in the date of the filing of the petition, the commencement of the case or the order for relief."

without redemption? No factual issue is involved.

Appellant claims that the value received by Meltzer was the amount of the debt, $401,760.01, and that the value of the property at foreclosure was $689,965. Appellant argues that defendant received property worth substantially more than the debt discharged and thus Meltzer received less than equivalent value for the property transferred. In addition, appellant argues that the transfer resulted in Meltzer's insolvency, or occurred when he was insolvent, 11 U.S.C. § 548(a)(2)(B)(i), or left Meltzer with capital unreasonably small to engage in business. 11 U.S.C. § 548(a)(2)(B)(ii). However, equivalent value, insolvency, and reasonable capital are factors in the application of § 548 which follow after the question of the transfer date discussed above and whether § 548 may be invoked at all.

Defendant's motion for summary judgment claimed that no transfer occurred prior to the filing of the petition and, therefore, § 548 is not applicable. Thus, defendant argued that, as to Count One:

(a) The Judgment of Strict Foreclosure, originally entered on August 8, 1983, was not a transfer as it was reopened April 22, 1985, after Meltzer's petition.

(b) As a matter of law the transfer occurs on the passage of the law day(s) without redemption and not at the entry of the Judgment of Strict Foreclosure.

and, as to Count Two:

(a) The transfer occurred on the law day, May 14, 1985, and the applicability of § 548 is to be determined from the date of the filing of the petition on May 7, 1984, and not from January 6, 1986, the date the case was converted from Chapter 7 to Chapter 11.

Neither of defendant's arguments involve any question of equivalent value or insolvency. Section 548(a) is expressly applicable to: (a) any transfer of an interest in property (b) made on or within one year (c) *before* the date of the filing of the petition. Before any question is reached concerning the value received, the above factors must exist. Thus, neither Meltzer's insolvency nor his receipt or non-receipt of equivalent value is material to the claim on which summary judgment was moved.

## B.

█ Appellant asserts error by the Bankruptcy Court in holding that the transfer, which indisputably occurred in the foreclosure action, resulted in the passage of title at the law day. As the passage of title constituted the transfer, the question is when did absolute title pass. That question is one of Connecticut law. Appellant argues that the transfer occurs at the Judgment of Strict Foreclosure.[3] The argument is without merit. Appellant would, by the judgment, "give a judgment creditor a lien, or like interest." Appellant's Brief at 12. This is a view made of whole cloth. It ignores the fact that an interest is vested in the creditor by the mortgage. That interest secures the payment of the debt. It permits the creditor to satisfy the debt, upon default of payment as required in the creation of the debt, out of the property either by taking it for the debt in a strict foreclosure or taking the proceeds of a sale, to the extent of the debt and costs, in a foreclosure by sale. The legal action of foreclosure is merely the means of adjudicating the right to satisfy the debt out of the property. Absent any issue of fact as to the creditor's right to foreclosure or defenses to the action, the creditor is adjudged entitled to foreclose. Obviously, there is no finality to either a judgment of strict foreclosure or of foreclosure by sale. "A decree of foreclosure of a mortgage [becomes] absolute by failure to redeem." *City Lumber Co. of Bridgeport, Inc. v. Murphy*, 120 Conn. 16, 19, 179 A. 339 (1935). What is decreed is that the debtor's interest will be foreclosed, strictly, if he does not redeem the property and does

---

**3.** Since the original judgment occurred before the petition, such a transfer would come within § 548(a) as within one year before the petition.

not preserve his equity interest by paying all of what the lien holder is due, an amount which is also determined in the judgment. The same is true in a judgment of a foreclosure by sale, except that the effect of the sale date differs, for then the buyer at the sale pays the price into the court for disbursement, first to the foreclosing lienholder and any residue to the debtor. In a strict foreclosure, the failure of the debtor to redeem results in the appropriation of the property to satisfy the debt. *Bugg v. Guilford–Chester Water Co.*, 141 Conn. 179, 182, 104 A.2d 543 (1954). The passage of the law day without redemption automatically vests the title to the property absolutely in the mortgagee, thereby divesting the debtor of his equity interest and extinguishing all his right, title and interest in the property. *See In re Carr*, 34 B.R. 653, 656 (Bankr.D.Conn. 1983), *aff'd*, 40 B.R. 1007 (D.Conn.1984). It also extinguishes the debt and bars further enforcement of it, Conn.Gen.Stat. § 49–1; *Derby Bank v. Landon*, 3 Conn. 62 (1819), unless a deficiency judgment is simultaneously obtained. *First Bank v. Simpson*, 199 Conn. 368, 370–71, 507 A.2d 997 (1986). The mortgagee is vested with the legal title by the terms of and from the date of execution of the mortgage "for the purpose of enforcing his debt." *Cion v. Schupack*, 102 Conn. 644, 649, 129 A. 854 (1925). The decree of foreclosure cuts off the right to redeem, i.e., on the law day. *Id.* Prior to that date, the mortagee's right is conditional—it may be extinguished by the mortgagor's satisfaction of the debt. It follows that the extinguishing of the right to redeem is the act of transfer, for it vests the foreclosing mortgagee with absolute title, then free of any right in the debtor in the property or to redeem. The mortgagee's title in the property is made absolute and free of the equity of redemption by the legal process of foreclosure. That result does not occur until the process is complete and the Judgment of Strict Foreclosure is finalized by the passage of the law day without redemption. *See City Lumber Co. of Bridgeport, Inc.*, 120 Conn. at 25, 179 A. 339.

Accordingly, the Bankruptcy Court correctly held that by the passage of absolute title the transfer occurred on the law day set in the Judgment of Strict Foreclosure and that must be within one year before the filing of the bankruptcy petition to permit reliance on 11 U.S.C. § 548(a)(2). *See In re St. Amant*, 41 B.R. 156, 163 (Bankr.D.Conn.1984) (transfer of ownership is worked by passing of the law day).

### C.

■ The claim that the plain language of 11 U.S.C. §§ 348(a) and 548 does not bar a Trustee, appointed under Chapter 7 in a proceeding converted from Chapter 11, from invoking § 548 relying on the date of the conversion as the date to which § 548 relief is oriented, is without merit. The language of 11 U.S.C. § 348(a) could not be clearer: "Conversion of a case ... [from] one chapter of this title ... to ... another chapter ... does not ... change ... the date of the filing of the petition." The only reference in § 548 is to the filing of a petition. The only petition filed was at the inception of the proceeding under Chapter 11. The conversion to Chapter 7 does not involve a further petition. Conversion does not start the matter anew under the Act, it merely alters the procedure and the relief.

The purpose of the Act is not, contrary to appellant's claim, thwarted by this interpretation. The creditors are protected under both chapters, albeit in different manners. The question is not the origin of plaintiff's powers to act as Trustee, but the framing of rights as of the petition. What is done with a bankrupt's estate after the petition is subject to the supervision of the Bankruptcy Court. This is illustrated in the case at bar for the Bankruptcy Court issued the order which lifted the stay of § 362. The foreclosure action was thereby permitted to proceed in state court, leading to the transfer by foreclosure which plaintiff seeks to attack. Congress deemed that protection adequate. Thus, the Bankruptcy Court was correct in finding that conversion vested the Trustee with the rights from the date of the filing of the petition no differently than if the matter was initially filed as a Chapter 7 case. There is no

sound basis to find that, contrary to its plain language, Congress' intent can only be carried out by dating the Trustee's avoidance powers from the conversion rather than the original filing.

■ As appellant has propounded no sound argument nor cited any appropriate authority which would permit the court to ignore the plain language of § 548(a)(2), the decision of the Bankruptcy Court was correct in holding that section inapplicable. To accept appellant's argument would not be a matter of construing the statute, but would require a disregarding of its plain language. Section 548 states the time period within which a transfer must occur if it is to be avoided. That time period is prior to the filing of the petition. The fact that appellant might now show inadequate consideration for the transfer is irrelevant for the transfer did not occur within the period and cannot now be avoided. Though *General Elec. Credit Corp. v. Nardulli & Sons, Inc.*, 836 F.2d 184 (3d Cir.1988), pertained to § 544(a) of the Code, the court's holding is analogous and was properly relied on by the Bankruptcy Court. It stands for the principle, articulated by Congress, that the estate is frozen as of the filing of the petition and the Trustee's rights fixed as of that date. *See id.* at 184. Contrary to appellant's argument, §§ 544 and 548 are not different but are intended to achieve the same purpose, preservation of the bankruptcy estate, but with respect to different factual circumstances. The creditors' interests in the bankruptcy estate are thereafter protected by the administrative, adjudicative supervisory processes to which the estate and any transactions related to the estate are subject. 11 U.S.C. § 549. The claim of error in the Bankruptcy Court's grant of summary judgment, based on the transfer not having occurred before the petition was filed, is without merit. *See Cook v. United States (In re Earl Roggenbach Farms, Inc.)*, 51 B.R. 913, 921–22 (Bankr.E.D.Mich.1985); *Nemeti v. Seaway Nat'l Bank (In re Nemeti)*, 65 B.R. 391, 394–95 (Bankr.N.D.N.Y.1986) (§ 548(d) does not apply to post-petition foreclosure sale which takes place after

creditor obtains relief from automatic stay).

*Conclusion*

Appellant's arguments being found to have no merit, his appeal is denied. Judgment shall enter for defendant/appellee.

SO ORDERED.