[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR DEFICIENCY JUDGMENT
This is a foreclosure action of a second mortgage wherein the plaintiff sought to foreclose on real property owned by the defendant Fallbrook, Inc. The basis of the foreclosure was the alleged failure of Fallbrook, Inc. to pay the balance of a debt of $15,000.00 as evidenced by a promissory note.
On February 24, 1989, the plaintiff moved to amend his complaint by impleading the defendant Ahmed A. Dadi on the allegation that Ahmed A. Dadi signed the $15,000.00 promissory note and not Fallbrook, Inc. The plaintiff does allege that Fallbrook, Inc. signed the mortgage deed securing the debt.
A copy of the note and mortgage deed attached to the complaint shows that Ahmed A. Dadi executed the promissory note individually, and that he signed the mortgage deed as president of Fallbrook, Inc. Both the note and mortgage deed were executed on the same date, June 24, 1988.
The defendant Fallbrook, Inc. is represented by counsel. The defendant Ahmed A. Dadi represents himself pro se.
After a trial was held, the court entered a judgment of strict foreclosure with a law day of March 30, 1990 for Fallbrook, Inc., and April 2, 1990 for Ahmed A. Dadi with title absolute on April 3, 1990. The court determined the debt to be $12,326.44.
During the pendency of plaintiff's foreclosure action and before the expiration of the law days, the holder of the first mortgage on the subject premises, United Credit Corp., commenced a foreclosure action of its mortgage in the Hartford Judicial District, entitled United Credit Corp. v. Fallbrook, Inc. et al. The plaintiff was also named as a party defendant in that action as well as Ahmed A. Dadi.
Judgment of strict foreclosure was entered in the United Credit Corp. foreclosure action with the first law day set at January 3, 1990. The time limited for redemption passed and title vested in United Credit Corp.
On April 17, 1990, the plaintiff in this action, Martin H. Factor, filed a motion for deficiency judgment against Ahmed A. Dadi only.
The plaintiff claims that since title previously passed to United Credit Corp., he acquired no interest in the CT Page 278 subject property by virtue of his foreclosure action. He claims, therefore, that the debt of Ahmed A. Dadi was not reduced by the value of the subject premises.
Ahmed A. Dadi (Dadi) claims that Conn. Gen. Stat. sec. 49-1 bars any further action on the mortgage debt, the property being taken in satisfaction of the debt. Dadi also claims that the plaintiff failed to redeem the subject property in the United Credit Corp. foreclosure. Dadi also claims that plaintiffs thirty days to file a deficiency motion ran from January 3, 1990 not April 3, 1990, and is therefore barred as being filed untimely.
The plaintiff had several options available to him in seeking satisfaction of the debt. "It is well established that the plaintiff is entitled to pursue (his) remedy at law on the notes, or to pursue (his) remedy in equity upon the mortgage, or to pursue both." Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579, 581 (1981). Although suit on a note is a distinct legal cause of action, it may be pursued in a separate and distinct equitable action in a foreclosure suit. Id.
In this case we have two distinct and separate causes of action. However, the plaintiff pursued only the equitable foreclosure action of the mortgage deed granted to it by Fallbrook, Inc. The plaintiff did not pursue a legal action against Ahmed A. Dadi on the promissory note executed by him. In plaintiff's prayer for relief, he seeks a foreclosure and a deficiency judgment.
Conn. Gen. Stat. sec. 49-1 provides that a "foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who were made parties to the foreclosure. . . ." This bar applies only to "prohibit a foreclosing first mortgage . . . which had failed to avail itself of the deficiency judgment procedure of [Conn. Gen. Stat. sec. 49-14, from instituting any further action against the [mortgagor]." First Bank v. Simpson, 199 Conn. 368, 372 (1986) It does not affect the rights of a subsequent emcumbrancer to pursue its remedies on the underlying obligation. Id. at 377.
The underlying basis for Conn. Gen. Stat. sec. 49-1
is that the real estate foreclosed and taken by the plaintiff is in satisfaction of the debt. Hoffman v. Check, 90 B.R. 21,24 (D. Conn. 1988). Such is not the case here.
Accordingly, plaintiff's motion for a deficiency judgment is denied. CT Page 279
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT