[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an application for a prejudgment remedy seeking to attach real estate of the defendant Irene L. Girard, being one-half interest in property known as 259 Tunxis Avenue, Bloomfield, Connecticut.
The unsigned complaint recites that the defendants Leo A. Girard and Irene L. Girard executed a promissory note to Comfed Savings Bank (Comfed) for $400,000.00. The note was secured by a mortgage on premises known as 855-859-863 Albany Avenue CT Page 2202 and 86-88 Edgewood Street, Hartford, Connecticut. The complaint recites that the note is in default, and that the plaintiff has elected to accelerate the entire indebtedness as being due and payable. The plaintiff seeks in its prayer for relief, money damages in an amount in excess of $15,000.00, plus reasonable attorney's fees.
The defendant, Irene L. Girard, moves to dismiss this action claiming that there is a prior pending action between the same parties on the same cause of action.
Defendant's motion sets forth that a pending action presently exists in the Superior Court for the Judicial District of Hartford, New Britain at Hartford, Docket Number CV-90-0387935. A copy of the complaint is attached to the motion to dismiss. The Hartford action recites that Leo A. Girard and Irene L. Girard executed a promissory note in favor of Comfed Savings Bank for $400,000.00. which note was secured by property known as 835-859-863 Albany Avenue, and 86-88 Edgewood Street, Hartford, Connecticut. The complaint recited that the note was in default.
The prayer for relief, in the Hartford action seeks a foreclosure of the mortgage, reasonable attorney's fees, and money damages in excess of $15,000.00, and a deficiency judgment.
The plaintiff argues that under current Connecticut law, it has a right to pursue a foreclosure action and a separate action on the note at the same time.
It is clear in Connecticut, that a party is entitled to pursue his or her remedy at law on a promissory note, or to pursue his or her remedy in equity by foreclosing the mortgage security. Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579,581-82 (1981).
A holder of a note secured by a mortgage has the in right to pursue an action to foreclose the mortgage and one upon the note either contemporaneously or successively until his debt was satisfied; Staples v. Hendrick, 89 Conn. 100, 93 A. 5; Peck's Appeal, 31 Conn. 215, 216; Findlay v. Hosmer, 2 Conn. 350,353 . . . a Cion v. Schupack, 102 Conn. 644, 648 (1925).
The issue here is whether or not the two pending actions should be combined into one action or maintained as two separate actions.
"It has long been the rule that when two separate lawsuits are "virtually alike" the second action is amenable to dismissal by the court. Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981).' Solomon v. Aberman, CT Page 2203196 Conn. 359, 382, 493 A.2d 193 (1985); Halprin v. Board of Education, supra. The prior pending action doctrine has evolved as `a rule of justice and equity'; Hatch v. Spofford, 22 Conn. 485,494 (1853); and retains its vitality in this state in which `joinder of claims and of remedies is permissive rather than mandatory.' Solomon v. Aberman, supra." Beaudoin v. Town Oil Co., supra. 584.
In the present matter, the plaintiff has brought a foreclosure action against Irene L. Girard and Leo A. Girard in the Judicial District of Hartford/New Britain at Hartford seeking not only a foreclosure of the mortgage but also seeking a deficiency judgment, money damages, and reasonable attorney's fees.
In the instant action brought by the same plaintiff against Irene L. Girard and Leo A. Girard, the plaintiff seeks the same relief asked for in the Hartford action except for the claim for a foreclosure of the mortgage.
We see no reason to tie up the courts in Hartford and in New Britain with the parties incurring attorney fees in each separate action. Judicial economy and simple economics dictates that these two actions between the same parties and dealing with the same issues should be tried together. Other than the desire to maintain two separate actions we see no legal advantages to keeping these two cases separate and apart from each other.
Accordingly, the defendant Irene L. Girard's motion to dismiss is granted.
Arnold W. Aronson, J.