The STATE of North Dakota, Plaintiff and Respondent,

v.

Joseph E. JAGER and James Forrest Stewart, Defendants and Appellants.

The STATE of North Dakota, Plaintiff and Respondent,

v.

Joseph E. JAGER and James Forrest Stewart, Defendants and Appellants.

Cr. Nos. 263, 274.

Supreme Court of North Dakota.

Dec. 14, 1957.

Ralph J. Erickstad, State's Atty. of Ramsey County, Devils Lake, Philip R. Bangs, Special Asst. State's Atty. of Ramsey County, Grand Forks, for respondent.

E. J. McIlraith, Minot, and Duffy & Haugland, Devils Lake, for movants.

BURKE, Judge (on motion to amend the settled statement of the case).

Two separate appeals in the above entitled action, one from the judgment and one from a motion denying a new trial have been decided adversely to the defendants in a single opinion filed in this court on July 26, 1957. A rehearing upon said appeals was denied October 14, 1957. N.D., 85 N. W.2d 240. On December 2, 1957, the defendants made a motion in this court to amend the statement of the case upon which said appeals had been considered by including therein certain affidavits as to, statements made by, and the conduct of, the state's attorney in his argument to the jury. In opposition to the motion the State has filed affidavits to the effect that the affidavits offered by the defendants are not accurate in their statements as to what transpired and in addition urges that the petition comes too late.

■ Affidavits by participants in a trial, or by spectators, as to what transpired during the course of a trial can never be properly made a part of the statement of the case. The statement of the case is a record of the testimony taken and of all proceedings had during the course of a trial, certified as correct by the trial judge. Sec. 28-1806, NDRC 1943. Procedure has been established for including in such statement any proceeding in the case which was not made a matter of record during the trial. Subsec. 3, Sec. 28-1806, supra. The trial judge in resolving any issue which may arise with respect to such unrecorded proceeding may rely upon his recollection of what actually took place during the trial. Where the statement is settled by the Supreme Court under the provisions of Section 28-1807 or Section 28-1808, NDRC 1943, the certification must, of course, be made upon proof. Since such a certification imports absolute verity, (Garbush v. Firey, 33 N.D. 154, 156 N.W. 537) the evidence to support it should be clear and convincing.

■ If, therefore, we construe the instant petition as one asking us to certify to the truth of the facts as set forth in the affidavits filed by petitioner, we find that the evidence upon which we are asked to act is stale and contradictory. The affidavits filed by the petitioner were executed in November 1957. They relate statements purported to have been made by the state's attorney in an argument to a jury in the spring of 1954. The state's attorney has denied by affidavit that he made the statements attributed to him. One affidavit filed by the petitioner has been repudiated. We think proof offered by the petitioner is clearly insufficient to justify the granting of his petition.

In this case no question has been raised as to whether the statute, upon which petitioner relies, authorizes this court to settle a statement of the case where the trial judge, who tried the case, has retired, but has not removed from the state. Upon that question we express no opinion.

The petition is denied.

G. GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.