**Earl L. DETWILER, Plaintiff and Movant,**

v.

**James B. MURRAY, M.D., individually and as a partner of the Dakota Clinic, a partnership, Defendant and Respondent.**

**No. 8558.**

Supreme Court of North Dakota.
June 30, 1969.

Frederick E. Saefke, Jr., Bismarck, and J. Harold Williams, San Francisco, Cal., for movant.

Wattam, Vogel, Vogel & Peterson, Fargo, for respondent.

ERICKSTAD, Judge.

In this case the record before us is scant. However, it appears uncontroverted that Mr. Earl L. Detwiler brought an action alleging malpractice on the part of James B. Murray, a doctor of medicine, that a verdict was returned in favor of the doctor, that upon such verdict a judgment was entered, dismissing the complaint, and that in preparation for appeal from the judgment and from an order denying a motion for a new trial, the plaintiff sought to settle the statement of the case.

At the hearing before the trial court of the motion to settle the statement of the case, Mr. Detwiler sought to have the court add to the transcript certain words which he contended were uttered by the defense counsel in closing argument but were not recorded by the court reporter.

It is asserted by Mr. Detwiler that the pertinent part of the defense counsel's closing argument should read as follows:

And so before this lawsuit is over you twelve men are going to have to make a judgment *and to consider what impact that judgment will have on the doctor's wife and family.* You're going to have to decide whether Mr. Williams is right in his accusations or whether Dr. Murray is right in the story that he has told you during the last ten days.

The transcript, as certified by the court reporter, does not include the underlined words, and counsel for the defendant has filed an affidavit denying that he uttered them.

The trial court found that the record of this part of defense counsel's closing argument was complete as certified by the court reporter.

The following part of the transcript of the hearing on the motion to settle the statement of the case is pertinent:

THE COURT: * * * I know that this matter was raised on the motion for new trial. My feeling at that time was the same as it is now. That I know from my own experience that the court reporter, Mr. Mark, is a competent and quite unusually accurate court reporter. I can say that Mr. Vogel's delivery is not difficult to take down. I personally have no recollection of the statement that you have referred to, Mr. Saefke. I think that under those circumstances that I must deny your motion for this supplementation of the record as it now exists. It's the Court's feeling that the record is accurate.

In support of Mr. Detwiler's petition to have the statement of the case settled by this court, three affidavits have been filed, one by his counsel, one by himself, and one by the foreman of the jury.

It is asserted in the affidavit of plaintiff's counsel that the alleged statement was made. In the affidavit of Mr. Detwiler it is asserted that the statement was made and that on the following morning he met with his counsel in a hotel room and discussed

the effect of the statement on the jury. The plaintiff asserts that it was then decided that the foreman of the jury should be called, that he was called and the matter was discussed with him, and that he later signed an affidavit to the effect that the impact of the judgment upon the doctor's wife and family was discussed in the jury room by two woman jurors.

The pertinent part of the jury foreman's affidavit reads:

That during the deliberations by the jurors, from the argument by Mr. Vogel, it appeared to me that what the impact of a judgment against the Doctor defendant would have on the Doctor's wife and family had some effect on a couple of the jurors, although I do not know whether it affected their votes.

In addition to the affidavit of Mr. Philip Vogel, who made the closing argument for the defendant, four other affidavits were filed in resistance to the petition. Three were made by members of Mr. Vogel's law firm who were present in the courtroom, one was made by another member of the firm who participated in the trial, and one was made by the person who was described in oral argument as being a secretary of the same law firm. All of these affidavits specifically deny that Mr. Vogel spoke the words alleged to have been spoken by him.

Neither of the parties has submitted a brief as to the law, and both parties have referred in oral argument before this court to matters which are not of record and therefore are matters of which we cannot take cognizance.

Mr. Detwiler contends that pursuant to N.D.C.C. § 28–18–07 this court should settle the statement of the case to include the statement allegedly made by Defense Counsel Vogel in his closing argument to the jury. That section reads:

28–18–07. Application to supreme court when judge refuses to settle.—If the judge in any case refuses to settle a statement of the case in accordance with the facts, the party desiring the statement settled may apply by petition to the supreme court to prove the same. The application may be made in the manner and under such regulations as that court may prescribe and the statement when proven must be certified by a justice thereof as correct and filed with the clerk of the court in which the action was tried, and when so filed it has the same force and effect as if settled by the judge who tried the cause.

North Dakota Century Code.

The most recent case involving a petition to this court under that section of our code is that of State v. Jager, 87 N.W.2d 58 (N.D.1957). In that case the defendants petitioned the court to amend the statement of the case upon which appeals had been considered by including therein affidavits as to statements made by, and the conduct of, the state's attorney in his argument to the jury. In denying the petition, this court said:

Affidavits by participants in a trial, or by spectators, as to what transpired during the course of a trial can never be properly made a part of the statement of the case. The statement of the case is a record of the testimony taken and of all proceedings had during the course of a trial, certified as correct by the trial judge. Sec. 28–1806, NDRC 1943. Procedure has been established for including in such statement any proceeding in the case which was not made a matter of record during the trial. Subsec. 3, Sec. 28–1806, supra. The trial judge in resolving any issue which may arise with respect to such unrecorded proceeding may rely upon his recollection of what actually took place during the trial. Where the statement is settled by the Supreme Court under the provisions of Section 28–1807 or Section 28–1808, NDRC 1943, the certification must, of course, be made upon proof. Since such a certification imports absolute verity, (Garbush v. Firey, 33 N.D. 154, 156 N.W.

537) the evidence to support it should be clear and convincing.

State v. Jager, *supra*, 59.

Although the evidence on which we are asked to act in this case is not as old as that in *Jager*, we come to a similar conclusion, that the proof offered by the petitioner is clearly insufficient to justify the granting of his petition. If the rule as stated in *Jager* applied in a criminal case, in which the liberty of the defendants was at stake, it certainly would apply in a civil case.

Applying the rule that the evidence to support a petition to settle a statement of the case pursuant to N.D.C.C. § 28–18–07 must be clear and convincing, we find the evidence in this case insufficient and accordingly deny the petition.

TEIGEN, C. J., and STRUTZ, KNUDSON and PAULSON, JJ., concur.